## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN DICKERSON, ROBERT
HESTER, and NANCY ROBERTS, on
behalf of themselves and all others
similarly situated,

                Plaintiff,

v.

YORK INTERNATIONAL
CORPORATION and JOHNSON
CONTROLS INC.,

                Defendant.

No.: 1:15-CV-01105 (SHR)

 

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

# TABLE OF CONTENTS

INTRODUCTION.................................................................................... 1

FACTUAL BACKGROUND ................................................................... 2

I.   Plaintiffs' Allegations. .................................................................. 2

II.  Terms Of The Express Limited Warranties................................... 4

STANDARD OF REVIEW ...................................................................... 4

ARGUMENT ........................................................................................... 5

I.   Breach Of Express Warranties....................................................... 5

     A.   Plaintiffs' Claims Are Time Barred. ................................... 5

     B.   The Express Limited Warranties Were Not Breached. ....... 6

     C.   Plaintiffs Provided No Timely Notice Or Opportunity To Cure.......... 8

     D.   Plaintiffs Cannot Base Their Claims On Opinions. ............. 9

II.  Breach Of Implied Warranties...................................................... 12

     A.   The Implied Warranty Claims Are Time Barred. .............. 12

     B.   State-Based Implied Warranties Were Properly Disclaimed............ 13

     C.   The Product Performed As It Should During Its Useful Life. ........... 15

     D.   Roberts' Lack Of Privity Is Fatal. ..................................... 16

III. Equitable Claims........................................................................... 16

CONCLUSION ....................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraham v. Volkswagen of Am., Inc.,*
    795 F.2d 238 (2d Cir. 1986)..................................................................7

*AIG Aviation Ins. v. Avco Corp.,*
    709 F. Supp. 2d 1124 (D.N.M. 2010) ....................................................12

*Anderson Living Tr. v. ConocoPhillips Co.,*
    952 F. Supp. 2d 979 (D.N.M. 2013) ................................................17, 18

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...............................................................................5

*Badilla v. Wal-Mart Stores E., Inc.,*
    302 P.3d 747 (N.M. Ct. App. 2013) .......................................................5

*Baptist Mem'l Hosp. v. Argo Constr. Corp.,*
    308 S.W.3d 337 (Tenn. Ct. App. 2009)..................................................7

*Bearden v. Honeywell Int'l Inc.,*
    720 F. Supp. 2d 932 (M.D. Tenn. 2010).................................................16

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...............................................................................5

*Burks v. Abbott Labs.,*
    639 F. Supp. 2d 1006 (D. Minn. 2009) ..................................................11

*Cipollone v. Liggett Group, Inc.,*
    505 U.S. 504 (1992)...............................................................................6

*Coffey v. Dowley Mfg., Inc.,*
    187 F. Supp. 2d 958 (M.D. Tenn. 2002).................................................11

*Conerly Corp. v. Regions Bank,*
    Civil Action No. 08-813, 2008 WL 4975080 (E.D. La. Nov. 20, 2008) .................18

*Corley v. Stryker Corp.,*
    Civil Action No. 6:13-CV-02571, 2014 WL 3375596 (W.D. La. May 27, 2014) .................10

*Daugherty v. Sony Elecs., Inc.,*
    No. E2004-02627-COA-R3-CV, 2006 WL 197090 (Tenn. Ct. App. Jan. 26, 2006) ...............7

*Deaton, Inc. v. Aeroglide Corp.*,
   657 P.2d 109 (N.M. 1982) .................................................................................9, 11, 14

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
   66 F.3d 604 (3d Cir. 1995).........................................................................................7

*Forth v. Gen. Motors Corp.*,
   CIV. A. No. 89-3842, 1989 WL 83600 (E.D. Pa. July 24, 1989)............................12

*Fowler v. Goodman Mfg. Co.*,
   No. 2:14-CV-968-RDP, 2014 WL 7048581 (N.D. Ala. Dec. 12, 2014) ..............1, 7

*Goleman v. York Int'l Corp.*,
   Civil Action No. 11-1328, 2011 WL 3330423 (E.D. Pa. Aug. 3, 2011) ...........16, 17

*Johnson v. Volvo Truck Corp.*,
   No. 2:07-CV-277, 2008 WL 4982450 (E.D. Tenn. Nov. 19, 2008)........................14

*Jones v. Barnwell Indus., Inc.*,
   No. 01-A-01-9411-CV-00516, 1995 WL 138877 (Tenn. Ct. App. Mar. 31, 1995)...............17

*Katterheinrich v. Cordova*,
   No. 32,855, 2013 WL 6146500 (N.M. Ct. App. Oct. 2, 2013)................................10

*Leach v. Wiles*,
   429 S.W.2d 823 (Tenn. Ct. App. 1968) ...................................................................16

*Lieb v. Milne*,
   625 P.2d 1233 (N.M. Ct. App. 1980) .......................................................................15

*Long v. Monaco Coach Corp.*,
   Civil Action No. 3:04-CV-203, 2006 WL 2564040 (E.D. Tenn. Aug. 31, 2006) .............9, 15

*Massey Seating Co. v. 200 Easley Bridge Rd. Corp.*,
   No. 85-86-II, 1985 WL 75662 (Tenn. Ct. App. Sept. 25, 1985) .............................15

*McCroskey v. Bryant Air Conditioning Co.*,
   524 S.W.2d 487 (Tenn. 1975)....................................................................................5

*McDermott, Inc. v. M-Elec. & Constr. Co.*,
   496 So.2d 1105 (La. Ct. App. 1986)...........................................................................7

*McDonald v. Journey*,
   464 P.2d 560 (N.M. Ct. App. 1970) .........................................................................17

*Mid-S. Milling Co. v. Loret Farms, Inc.*,
   521 S.W.2d 586 (Tenn. 1975).....................................................................................5

*Moulton v. Ford Motor Co.*,
  13 UCC Rep.Serv. 55, 1973 WL 21361 (Tenn. Ct. App. 1973)................................7

*N.J. Transit Corp. v. Harsco Corp.*,
  497 F.3d 323 (3d Cir. 2007).................................................................................7

*Paddison Builders, Inc. v. Turncliff*,
  672 So. 2d 1133 (La. Ct. App. 1996)...................................................................17

*PB Prop. Mgmt. v. Goodman Mfg.*,
  Case No. 3:12-cv-1366-J-20JBT, Dkt. No. 30 (M.D. Fla. Aug. 28, 2013) ..............1

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
  998 F.2d 1192 (3d Cir. 1993).................................................................................2

*Perryman v. Peterbilt of Knoxville, Inc.*,
  708 S.W.2d 403 (Tenn. Ct. App. 1985).................................................................11

*Porcell v. Lincoln Wood Prods., Inc.*,
  713 F. Supp. 2d 1305 (D.N.M. 2010) ...................................................................11

*Rooney v. Sierra Pac. Windows*,
  566 Fed. Appx. 573 (9th Cir. 2014).......................................................................6

*Santiago v. Warminster Twp.*,
  629 F.3d 121 (3d Cir. 2010)..............................................................................4, 5

*Selby v. Goodman Mfg. Co.*,
  No. 2:13-CV-2162-RDP, 2014 WL 2740317 (N.D. Ala. June 17, 2014) ................1

*Snyder v. First Tenn. Bank, N.A.*,
  450 S.W.3d 515 (Tenn. Ct. App. 2014) ...............................................................17

*Stockport Mountain Corp. v. Norcross Wildlife Found., Inc.*,
  No. 3:11CV514, 2013 WL 4538822 (M.D. Pa. Aug. 27, 2013).............................17

*Strayhorn v. Wyeth Pharm., Inc.*,
  737 F.3d 378 (6th Cir. 2013) ................................................................................7

*Sumer v. Carrier Corp.*,
  Case No. 14-cv-04271-VC, 2015 WL 3630972 (N.D. Cal. June 10, 2015)..............1

*Sw. La. Hosp. Ass'n v. BASF Constr. Chems., LLC*,
  947 F. Supp. 2d 661 (W.D. La. 2013)....................................................................7

*Tokio Marine v. ABB, Inc.*,
  Civil Action No. 09-822-JJB, 2010 WL 1881890 (M.D. La. May 7, 2010) ..............11, 14, 15

*Walton v. Rose Mobile Homes LLC,*
   298 F.3d 470 (5th Cir. 2002) ...............................................................8

*Ward Adventures, LLC v. Buddy Gregg Motor Homes, Inc.,*
   Civil Action No. 3:05-CV-236, 2007 WL 869619 (E.D. Tenn. March 20, 2007)..............6, 12

*Waste Mgmt. of La., L.L.C. v. Consol. Garbage Dist. No. 1 of the Parish of Jefferson,*
   113 So. 3d 243 (La. Ct. App. 2013) ...................................................17

*Wike v. Vertrue, Inc.,*
   No. 3:06-0204, 2008 WL 2704429 (M.D. Tenn. July 3, 2008) ..............................18

*Winningham v. Timber Prods. Corp. of Oneida,*
   1990 WL 14567 (Tenn. Ct. App. Feb. 21, 1990) ....................................10

*Woolums v. Nat'l RV,*
   Civil Action No. 1:06-cv-0787, 530 F. Supp. 2d 691 (E.D. Pa. 2008) ...................9

*Young v. Carrier Corp.,*
   No. 4:14CV0974, 2014 WL 6617650 (N.D. Ohio Nov. 21, 2014) ..........................1

**Statutes**

15 U.S.C. § 2308(b) ...........................................................................13

15 U.S.C. § 2310(e) ............................................................................9

La. Civ. Code Ann. art. 2522 ...............................................................9

La. Stat. Ann. § 9:2800.53(6) ...........................................................10

N.M. Stat. Ann. § 55-2-313(2) ...........................................................10

N.M. Stat. Ann. § 55-2-314 ...............................................................12

N.M. Stat. Ann. § 55-2-607(3)(a) .........................................................8

N.M. Stat. Ann. § 55-2-719 ...............................................................7

N.M. Stat. Ann. § 55-2-725 ...............................................................12

N.M. Stat. Ann. § 55-2-725(1), (2) .......................................................5

Tenn. Code Ann. § 47-2-313(2) ...........................................................10

Tenn. Code Ann. § 47-2-314 ...............................................................12

Tenn. Code Ann. § 47-2-607(3)(a) .........................................................8

Tenn. Code Ann. § 47-2-719 .......................................................................................7

Tenn. Code Ann. § 47-2-725(1), (2) .......................................................................5, 12

**Rules**

Fed. R. Civ. P. 12(b)(6)....................................................................................1, 2, 4, 18

**Regulations**

16 C.F.R. § 701.1(c)(2) .............................................................................................13

## **INTRODUCTION**

Plaintiffs bring this putative class action against York International and Johnson Controls, Inc. (collectively, "JCI"), alleging failures of the industry-standard copper evaporator/condenser coils in Plaintiffs' residential air conditioning systems. Those coils were the subject of a 5-year express Limited Warranty and, according to Plaintiffs' own allegations, performed as warranted and without complaint for the entire five years and more.

Plaintiffs' counsel and other attorneys have filed a series of similar cases, making nearly identical allegations against every significant manufacturer in the industry. Many of the prior cases have already been dismissed, for, among other reasons, failing to bring the claims within the applicable statutes of limitations and because the units performed exactly as warranted.[1] As discussed below, Plaintiffs' claims against JCI suffer the same flaws, and more, and likewise should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] *See Sumer v. Carrier Corp.*, Case No. 14-cv-04271-VC, 2015 WL 3630972 (N.D. Cal. June 10, 2015) (dismissing second amended complaint with prejudice); *Fowler v. Goodman Mfg. Co.*, No. 2:14-CV-968-RDP, 2014 WL 7048581 (N.D. Ala. Dec. 12, 2014); *Young v. Carrier Corp.*, No. 4:14CV0974, 2014 WL 6617650 (N.D. Ohio Nov. 21, 2014); *Selby v. Goodman Mfg. Co.*, No. 2:13-CV-2162-RDP, 2014 WL 2740317 (N.D. Ala. June 17, 2014); *PB Prop. Mgmt. v. Goodman Mfg.*, Case No. 3:12-cv-1366-J-20JBT, Dkt. No. 30 (M.D. Fla. Aug. 28, 2013) (granting in part and denying in part motion to dismiss) (slip opinion attached).

# FACTUAL BACKGROUND

**I.    Plaintiffs' Allegations.**[2]

**Dickerson.**   Plaintiff Steven Dickerson alleges that he purchased a York Split Unit system in "May, 2008." (Compl. ¶ 11.)  The system was installed in his home in Minbres, New Mexico. (*Id.*)  According to the Complaint, Dickerson first experienced problems with the unit more than six years later, in January 2015. (*Id.* ¶¶ 14-18.)  Dickerson never notified JCI of any problem.  Instead, he alleges he contacted an unnamed distributor and was told that the "unit was out of warranty." (*Id.* ¶ 20.)  This was true.  The written Limited Warranty for Dickerson's unit was expressly limited to five years and began to run on the date of purchase. (Ex. A-1.)[3]  The warranty period, therefore, expired in May 2013, nearly eighteen months before Dickerson experienced any problems.

**Hester.**   Plaintiff Robert Hester purchased a Luxaire 13 SEER 2-ton Split System on October 30, 2008, and installed the unit in his Lake Charles, Louisiana

---

[2] The facts as alleged in Plaintiffs' Complaint are assumed to be true for purposes of this Motion to Dismiss only.

[3] Plaintiffs did not attach their express Limited Warranties to the Complaint. Because Plaintiffs' claims are based on the Limited Warranties, the Court is entitled to consider the documents in addressing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  True and correct copies of Dickerson's, Hester's and Roberts' express Limited Warranties are attached hereto as Exs. A-1, A-2 and A-3, respectively, to the Declaration of David L. Negrey, attached hereto as Exhibit A.

home. (Compl. ¶ 21.) Hester alleges he first experienced problems with his HVAC system nearly six years later, in September 2014, and that he contacted "Johnson Controls" that same month, but received "no relief from the company." (*Id.* ¶¶ 24, 26.) Hester's unit came with a five-year express Limited Warranty, and began to run on the date of purchase. (Ex. A-2.) Hester's warranty expired October 30, 2013, nearly a full year before he experienced any problems.

**Roberts.** Plaintiff Nancy Roberts alleges she purchased two York HVAC products for installation in her Counce, Tennessee home. (Compl. ¶¶ 27, 28.) With respect to the first purchase, Roberts does not identify the make or model of the system, and is vague as to whether she or someone else purchased it, alleging only that the system was installed in a home built in 2001. (*Id.* ¶ 27.) Roberts does not allege that she made any warranty claims or provided any notice of claims to JCI with respect to the initial system. Instead, she alleges that she noticed the coils leaking in "early 2009," and that she purchased a new HVAC system on February 26, 2009. (*Id.* ¶¶ 27-28.) The second unit was a York Packaged HVAC System. (*Id.* ¶ 28.) Roberts' second unit was subject to an express five-year Limited Warranty that began to run on the date of purchase, and therefore expired on February 26, 2014. (Ex. A-3.) Roberts does not claim to have experienced any problems until March 3, 2015, more than a year after the warranty expired. (Compl. ¶ 30.)

## II.    Terms Of The Express Limited Warranties.

The express Limited Warranty applicable to each Plaintiff's unit provides the same relevant terms regarding warranty coverage.  Specifically:

- Warrants products to be free from defects in workmanship and materials.

- Five-year term for parts; starts on date of installation or product shipment where no warranty registration card was submitted.[4]

- Offers repair or replacement at JCI's option to cure any such defects.

- Excludes: damages resulting from use of the product in a corrosive atmosphere; damages resulting from freezing of condensate; increase in fuel or electric costs.

- Disclaims all other warranties: "THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE."

- Limits duration of implied warranties: "THE DURATION OF IMPLIED WARRANTIES IS HEREBY EXPRESSLY LIMITED TO THE DURATION OF THE EXPRESS WARRANTY ON THE FACE HEREOF."

(*See* Exs. A-1, A-2, A-3.)

## STANDARD OF REVIEW

Courts in the Third Circuit apply a three-step analysis to motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Santiago v. Warminster Twp.*, 629 F.3d 121,

---

[4] Only Roberts registered her unit, on February 27, 2009.  For Dickerson and Hester, their warranties ran from the date of shipment.  For purposes of this motion, JCI will use the later date of purchase alleged in the Complaint as the date when warranty coverage began.

130-31 (3d Cir. 2010). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while legal conclusions may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 664). Finally, once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a plausible claim for relief. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## ARGUMENT

## I.    Breach Of Express Warranties.

### A.    Plaintiffs' Claims Are Time Barred.

Under the state laws at issue, breach of express warranty claims are governed by a four-year statute of limitations, which begins to run on the date of delivery without reference to the plaintiff's knowledge of the breach, or lack thereof. *See* Tenn. Code Ann. §§ 47-2-725(1), 47-2-725(2); *McCroskey v. Bryant Air Conditioning Co.,* 524 S.W.2d 487, 491 (Tenn. 1975); *Mid-S. Milling Co. v. Loret Farms, Inc.*, 521 S.W.2d 586, 589 (Tenn. 1975) (cause of action for breach of warranty accrues upon delivery); N.M. Stat. Ann. § 55-2-725(1), (2); *Badilla v. Wal-Mart Stores E., Inc.,* 302 P.3d 747, 748 (N.M. Ct. App. 2013). The Magnuson Moss Warranty Act ("MMWA") also incorporates the Uniform Commercial

Code's ("UCC") four-year limitation period. *See Ward Adventures, LLC v. Buddy Gregg Motor Homes, Inc.*, Civil Action No. 3:05-CV-236, 2007 WL 869619, at *6 (E.D. Tenn. March 20, 2007). *See also, e.g., Rooney v. Sierra Pac. Windows*, 566 Fed. Appx. 573, 576 (9th Cir. 2014).

Dickerson's unit was delivered in "May, 2008" (Compl. ¶ 11), and Roberts' on February 26, 2009. (*Id.* at ¶ 28.) Based on the four-year statute of limitations, Plaintiffs' express warranty claims expired in May 2012, and on February 26, 2013, respectively. Because this Complaint was filed on June 5, 2015, Dickerson's and Roberts' Counts 3, 4, 6, and 7 must be dismissed with prejudice.[5]

## B.    The Express Limited Warranties Were Not Breached.

Plaintiffs' express warranty claims also fail because there are no allegations to support that a breach occurred. First, no Plaintiff here complains that JCI failed to honor its five-year warranty. Plaintiffs concede that JCI's written warranty was, by its express terms, *limited*. (Compl. ¶¶ 87, 119.) The Limited Warranty covers a five-year period and is limited to the repair or replacement of "defective" parts. (*See* Exs. A-1, A-2, A-3.) "A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Cipollone*

---

[5] The statute of limitations bars express warranty claims in states—like Tennessee and New Mexico—that have adopted the UCC. Plaintiff Hester's claims asserted under Louisiana redhibition law must be dismissed for the additional reasons set out below. These substantial variations in state law, and the proofs necessary to support them, will create intractable management problems if this case proceeds as a class action.

*v. Liggett Group, Inc.,* 505 U.S. 504, 525 (1992).  In order to establish a breach of express warranty, plaintiffs must prove the breach of a specifically-identified warranty term.  *See, e.g., Strayhorn v. Wyeth Pharm., Inc.,* 737 F.3d 378, 395 (6th Cir. 2013) (warranty requires an affirmation of fact).

Because a manufacturer is not an insurer of its products, nor a guarantor that they are free of all possible defects, courts consistently hold that "repair or replacement" limitations similar to those found in JCI's warranties are enforceable. *See* Tenn. Code Ann. § 47-2-719; *Baptist Mem'l Hosp. v. Argo Constr. Corp.,* 308 S.W.3d 337, 343-45 (Tenn. Ct. App. 2009); N.M. Stat. Ann. § 55-2-719.  *See Daugherty v. Sony Elecs., Inc.,* No. E2004-02627-COA-R3-CV, 2006 WL 197090, at *4 (Tenn. Ct. App. Jan. 26, 2006); *see also Fowler,* 2014 WL 7048581, at *4. As a result, a breach of express warranty is not actionable for "repairs made after the applicable time ... ha[s] elapsed." *Duquesne Light Co. v. Westinghouse Elec. Corp.,* 66 F.3d 604, 616 (3d Cir. 1995) (quoting *Abraham v. Volkswagen of Am., Inc.,* 795 F.2d 238, 250 (2d Cir. 1986)); *N.J. Transit Corp. v. Harsco Corp.,* 497 F.3d 323, 331 (3d Cir. 2007); *Moulton v. Ford Motor Co.,* 13 UCC Rep.Serv. 55, 59, 1973 WL 21361 (Tenn. Ct. App. 1973); *McDermott, Inc. v. M-Elec. & Constr. Co.,* 496 So.2d 1105, 1111-12 (La. Ct. App. 1986).[6]

---

[6] In addition, because Count 9 is alleged under the Louisiana Products Liability Act, it is subsumed by the redhibition claims and must be dismissed. *See Sw. La.*

Plaintiffs have not identified any term in the express Limited Warranty that JCI breached. JCI warranted that it would repair or replace the coil if Plaintiffs discovered a defect in workmanship or materials within five years. As set out above, Dickerson's unit was delivered in "May, 2008" (Compl. ¶11), Hester's on October 30, 2008 (*id.* at ¶ 21), and Roberts' on February 26, 2009 (*id.* at ¶ 28). Based on the five-year terms of the express Limited Warranty, Plaintiffs were required to make claims prior to May 2013, October 30, 2013, and February 26, 2014, respectively. Plaintiffs' own allegations prove that the products performed as warranted. Because JCI kept its promises, Counts 3, 4, 6, 7, and 9 must be dismissed.

### C.    Plaintiffs Provided No Timely Notice Or Opportunity To Cure.

In Tennessee and New Mexico a buyer must give the manufacturer notice of the claimed defect and a reasonable opportunity to cure. *See* Tenn. Code Ann. § 47-2-607(3)(a); N.M. Stat. Ann. § 55-2-607(3)(a). Failure to give proper notice and opportunity to cure defeats the claim. The MMWA likewise requires that the consumer must give the warrantor a reasonable opportunity to cure. *See, e.g., Walton v. Rose Mobile Homes LLC,* 298 F.3d 470, 474-75 (5th Cir. 2002) (citing to

---

*Hosp. Ass'n v. BASF Constr. Chems., LLC,* 947 F. Supp. 2d 661, 685-86 (W.D. La. 2013).

Louisiana law and 15 U.S.C. § 2310(e));[7] *Long v. Monaco Coach Corp.,* Civil Action No. 3:04-CV-203, 2006 WL 2564040, at *4 (E.D. Tenn. Aug. 31, 2006); *Deaton, Inc. v. Aeroglide Corp.,* 657 P.2d 109, 112-13 (N.M. 1982).

Plaintiffs fail to allege that they provided JCI with the requisite notice and opportunity to cure within the five-year warranty period. Dickerson alleged that he contacted his "Johnson Controls distributor" after his warranty expired. (Compl. ¶ 20.) Roberts never alleges that she complained or gave notice to JCI, and instead merely alleges that she needed to repair the unit over five years after installation. (*Id.* ¶¶ 27-28, 30-31.) Because Plaintiffs never gave timely notice to JCI during the warranty period, let alone an opportunity to cure, Dickerson's and Roberts' Counts 3, 4, 6, and 7, must be dismissed with prejudice. *See Woolums v. Nat'l RV,* Civil Action No. 1:06-cv-0787, 530 F. Supp. 2d 691, 699-700 (E.D. Pa. 2008) (dismissing breach of warranty claims not presented during warranty term).

### D.    Plaintiffs Cannot Base Their Claims On Opinions.

Plaintiffs cannot avoid the statute of limitations by claiming that they relied upon product literature that included generalized opinion statements about "longevity" or "quality," such as "we strive to bring you the highest quality service

---

[7] Louisiana law requires notice and opportunity to cure to proceed against sellers and certain other defendants that are not manufacturers and requires that notice and opportunity to cure be pled and proven against manufacturers in order to recover certain damages from manufacturers. *See* La. Civ. Code Ann. art. 2522, cmt. (b).

from our products and our people." (Compl. ¶¶ 22-23, 56-58.) These types of statements simply do not create actionable warranties for at least three reasons.

First, the statements are quintessential examples of opinion which cannot create an express warranty. *See* Tenn. Code Ann. § 47-2-313(2); N.M. Stat. Ann. § 55-2-313(2); La. Rev. Stat. Ann. § 9:2800.53(6). Courts elsewhere have held that analogous—and in some cases identical—representations to those at issue here constitute opinions and are not actionable. *See, e.g., Corley v. Stryker Corp.*, Civil Action No. 6:13-CV-02571, 2014 WL 3375596, at *5 (W.D. La. May 27, 2014) report and recommendation adopted *sub nom., Corley v. Stryker Orthopaedics*, Civil Action No. 13-2571, 2014 WL 3125990, at *3 (W.D. La. July 3, 2014) ("Stating that a product is safe or effective for its intended use is nothing more than a general opinion about or praise for a product and therefore does not satisfy the statutory definition of an express warranty."); *Katterheinrich v. Cordova*, No. 32,855, 2013 WL 6146500, at *2 (N.M. Ct. App. Oct. 2, 2013), *cert. denied*, 321 P.3d 126 (N.M. 2013) (statement that the vehicle was in "good working order" did not constitute an express warranty.); *Winningham v. Timber Prods. Corp. of Oneida*, 1990 WL 14567, at *3-4 (Tenn. Ct. App. Feb. 21, 1990) (statement that product "was in 'A-1 condition' … do[es] not rise to the status of an express warranty").

Second, even if the statements referenced in the Complaint could constitute an express warranty, the express Limited Warranty explicitly disclaims such statements: "THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE." (Exs. A-1, A-2, A-3.)  Tennessee, Louisiana, and New Mexico specifically allow such disclaimers.  *See Tokio Marine v. ABB, Inc.*, Civil Action No. 09-822-JJB, 2010 WL 1881890, at *2-3 (M.D. La. May 7, 2010); *Perryman v. Peterbilt of Knoxville, Inc.*, 708 S.W.2d 403, 405 (Tenn. Ct. App. 1985); *Deaton, Inc.*, 657 P.2d at 112.

Third, Plaintiffs do not allege reliance on the statements or that the statements affected their decision making process.  *Porcell v. Lincoln Wood Prods., Inc.*, 713 F. Supp. 2d 1305, 1319 (D.N.M. 2010); *Burks v. Abbott Labs.*, 639 F. Supp. 2d 1006, 1018 (D. Minn. 2009) (applying Louisiana law); *Coffey v. Dowley Mfg., Inc.*, 187 F. Supp. 2d 958, 973 (M.D. Tenn. 2002), *aff'd*, 89 Fed. Appx. 927, 932 (6th Cir. 2003).  Counts 3, 4, 6, 7, and 9, must therefore be dismissed.

## II.    Breach Of Implied Warranties.

### A.    The Implied Warranty Claims Are Time Barred.

Mis-numbered Count 10 alleges breach of implied warranty of merchantability pursuant to Tenn. Code Ann. § 47-2-314.  Under Tennessee law, the applicable statute of limitations is four years, and the cause of action accrues on the date of delivery, regardless of whether the breach has been discovered.  Tenn. Code Ann. §§ 47-2-725(1) & 47-2-725(2); *Ward Adventures*, 2007 WL 869619, at *3.  Count 8 alleges Breach of Implied Warranty of Merchantability pursuant to N.M. Stat. Ann. § 55-2-314.  New Mexico also applies a four-year statute of limitations that begins to run on date of delivery, regardless of knowledge of the alleged breach.  N.M. Stat. Ann. § 55-2-725; *AIG Aviation Ins. v. Avco Corp.*, 709 F. Supp. 2d 1124, 1131-32 (D.N.M. 2010).  Count 4 alleges breaches of implied warranties under the MMWA.  Because the MMWA has no statute of limitations, courts apply the same four-year rule governing implied warranties under the corresponding state law.  *Forth v. Gen. Motors Corp.*, CIV. A. No. 89-3842, 1989 WL 83600, at *2 (E.D. Pa. July 24, 1989).[8]

Dickerson's unit was delivered in "May, 2008" (Compl. ¶ 11); Roberts' unit was delivered on February 26, 2009.  (*Id.* at ¶ 28.)  As a result, Dickerson and Roberts were required to file their claims before May 2012 and February 26, 2013,

---

[8] Louisiana does not apply the same four-year statute of limitations to implied warranty claims.

respectively. The Complaint was filed on June 5, 2015. Dickerson and Roberts, therefore, are too late, and Counts 4, 8 and mis-numbered 10 must be dismissed with prejudice.

Additionally, all three Plaintiffs' implied warranty claims under the MMWA are time-barred based on the language of the express Limited Warranty, which states: "THE DURATION OF IMPLIED WARRANTIES IS HEREBY EXPRESSLY LIMITED TO THE DURATION OF THE EXPRESS WARRANTY ON THE FACE HEREOF." (Exs. A-1, A-2, A-3). The MMWA specifically allows this type of limitation. *See* 15 U.S.C. § 2308(b); 16 C.F.R. § 701.1(c)(2). Here, the limitation is reasonable, five years, and is conspicuously displayed on the face of the express Limited Warranty. As set out above, not one of the Plaintiffs filed this lawsuit within the applicable five-year period. Count 4 must be dismissed in its entirety, with prejudice.

## B.    State-Based Implied Warranties Were Properly Disclaimed.

The applicable express Limited Warranties all contain the same disclaimer: "THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE." (Exs. A-1, A-2, A-3.) This language is clear and conspicuous. It is in all capital letters, stands out from the rest of the type, and appears on the face of the warranty.

*Johnson v. Volvo Truck Corp.*, No. 2:07-CV-277, 2008 WL 4982450, at *2 (E.D. Tenn. Nov. 19, 2008) (express warranty properly excluded all implied warranties); *Deaton, Inc.*, 657 P.2d at 112 ("a term is conspicuous if it is so written that a reasonable person ought to have noticed it, and if it has a printed heading in capitals."). Based on the valid disclaimer of all implied warranties, Dickerson and Roberts are barred from pursing any state-law implied warranty claims, and Counts 8 and mis-numbered 10 must be dismissed.

Although Louisiana does not follow the UCC, the legal analysis applicable to Hester's implied warranty claims is similar. Under Louisiana law, parties may contractually waive warranties if the waiver is: "(1) written in clear and unambiguous terms, (2) contained in the sale . . . document, and (3) brought to the attention of or explained to the buyer." *Tokio Marine*, 2010 WL 1881890, at *2-3 (implied warranties, including warranties against redhibition, were contractually waived by operation of limited express warranty). A waiver, to be effective, need not use the word "redhibition." *Id.*

Here, the warranty that Hester is suing under clearly and unambiguously provides for a waiver of all other warranties, express or implied. (*See* Ex. A-2.) Hester received this express Limited Warranty with his sales documentation. (*See Id.*) Moreover, Hester was aware of the terms of his express Limited Warranty, a fact evident from his claims that are explicitly based on this same instrument. Like

the defendant in *Tokio Marine*, JCI properly disclaimed any other warranties, including redhibitory warranties. Counts 10 and 11 must be dismissed.[9]

## C.  The Product Performed As It Should During Its Useful Life.

Dickerson and Roberts also cannot maintain claims for breach of implied warranty of merchantability because their products were fit for their ordinary purposes and fulfilled their useful lives.  *See Massey Seating Co. v. 200 Easley Bridge Rd. Corp.,* No. 85-86-II, 1985 WL 75662, at *2-3 (Tenn. Ct. App. Sept. 25, 1985).  JCI warranted a useful and defect free five-year term for each Plaintiff's product, and Plaintiffs' concede that each product performed just as it should during those five years.  Problems that arise after the expiration of the warranty term are not the basis for breach of implied warranty claims.  *See e.g., Long*, 2006 WL 2564040, at *7; *Lieb v. Milne*, 625 P.2d 1233, 1237 (N.M. Ct. App. 1980) (action for breach of warranty perfected if supplier refuses to remedy defect within the warranty period). The burden of maintaining the product shifts to the consumer after the warranty expires.  Because Dickerson's and Roberts' performance concerns arose after the express Limited Warranty expired, the alleged problems

---

[9] Hester also fails to properly plead his redhibition based claims, Count 10 and 11, because he fails to allege that he provided JCI with timely notice and an opportunity to cure the alleged defect prior to filing suit.  *See* footnote 7, above. Hester's vague claims of contacting "Johnson Controls" are not alleged with sufficient specificity and are not alleged to have occurred during the operative warranty period. (Compl. ¶ 26.)

are merely maintenance and repair issues that Plaintiffs bear the burden of addressing. Counts 4, 8 and mis-numbered 10, must therefore be dismissed.

### D.    Roberts' Lack Of Privity Is Fatal.

Privity of contract between the parties remains an essential element of an implied warranty claim under Tennessee law. *Leach v. Wiles*, 429 S.W.2d 823, 831 (Tenn. Ct. App. 1968).[10]   Roberts does not and cannot allege privity of contract with the manufacturer of her unit. Because lack of privity is a complete bar to maintaining breach of implied warranty claims under Tennessee law, Counts 4 and mis-numbered 10 must be dismissed.

## III.   Equitable Claims.

All of Plaintiffs' equitable claims are intertwined with the merits of their substantive claims, and must be dismissed for the reasons stated above. Namely, the equitable claims alleged in Count 1 (Declaratory Relief), Count 2 (Injunctive Relief), and Count 5 (Unjust Enrichment), cannot stand on their own if all the substantive claims are dismissed. *Goleman v. York Int'l Corp.*, Civil Action No. 11-1328, 2011 WL 3330423, at *10 (E.D. Pa. Aug. 3, 2011) (dismissing plaintiff's claim for injunctive relief where "[n]one of Plaintiff's other claims have survived dismissal").

---

[10] The Magnuson Moss Act applies the correlating state based laws on privity. *Bearden v. Honeywell Int'l Inc.*, 720 F. Supp. 2d 932, 937-38 (M.D. Tenn. 2010).

Regardless of the status of the substantive claims, each equitable count fails on its own. First, Plaintiffs' requested declaratory relief goes well beyond the permissible scope of a federal declaratory judgment action—they do not simply ask the Court to declare the parties' right under a contract. Rather, Plaintiffs improperly ask this Court to affirmatively re-write the contract. *Stockport Mountain Corp. v. Norcross Wildlife Found., Inc.*, No. 3:11CV514, 2013 WL 4538822, at *13 (M.D. Pa. Aug. 27, 2013) ("it is not the function of the court to alter the parties' agreement or rewrite what has been agreed to").[11]

Second, Plaintiffs' request for injunctive relief is also inappropriate because there is an adequate remedy at law; namely, monetary damages. *Goleman*, 2011 WL 3330423, at *10; *Anderson Living Tr. v. ConocoPhillips Co.*, 952 F. Supp. 2d 979, 984 (D.N.M. 2013); ("monetary harm is not irreparable"); *Waste Mgmt. of La., L.L.C. v. Consol. Garbage Dist. No. 1 of the Parish of Jefferson*, , 113 So. 3d 243, 251 (La. Ct. App. 2013) ("injunctive relief was correctly denied because monetary damages are available"); *Jones v. Barnwell Indus., Inc.*, No. 01-A-01-

---

[11] *See also Snyder v. First Tenn. Bank, N.A.*, 450 S.W.3d 515, 518 (Tenn. Ct. App. 2014) ("It is not the role of the courts, even courts of equity, to rewrite contracts for dissatisfied parties."); *Paddison Builders, Inc. v. Turncliff*, 672 So. 2d 1133, 1136 (La. Ct. App. 1996) ("The terms of a clear contract must be enforced as written, provided that the agreement is not contrary to good morals or public policy."); *McDonald v. Journey*, 464 P.2d 560, 561 (N.M. Ct. App. 1970) ("courts, under the guise of interpretation, may not rewrite contracts for the parties").

9411-CV-00516, 1995 WL 138877, at *4 (Tenn. Ct. App. Mar. 31, 1995) (injunctions "should be used only where no other adequate relief is available").

Finally, unjust enrichment is not allowed where, as here, there is a contract—the express Limited Warranty—between the parties. *See Anderson Living Trust*, 952 F. Supp. 2d at 984 (plaintiffs may not recover in equity for conduct arising from alleged breaches of written contracts); *Wike v. Vertrue, Inc.,* No. 3:06-0204, 2008 WL 2704429, at *7 (M.D. Tenn. July 3, 2008) (unjust enrichment claim dismissed where plaintiff failed to allege exhaustion of all other remedies); *Conerly Corp. v. Regions Bank*, Civil Action No. 08-813, 2008 WL 4975080, at *9 (E.D. La. Nov. 20, 2008) (equitable claim dismissed where plaintiffs may bring a suit for breach of contract). Based on the foregoing, all of Plaintiffs' equitable claims must be dismissed.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court dismiss the Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: August 31, 2015

Respectfully submitted,

/s/ John G. Papianou
John G. Papianou
Christopher S. D'Angelo
Montgomery McCracken
  Walker & Rhoads, LLP
123 S. Broad St.
Philadelphia, PA 19109
215-772-1500
jpapianou@mmwr.com
cdangelo@mmwr.com

David A. Rammelt
Casey L. Westover
Caroline C. Plater
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312-207-1000
drammelt@reedsmith.com
cwestover@reedsith.com
cplater@reedsmith.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I certify that on August 31, 2015, I filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) using the Court's CM/ECF system, which will send e-mail notification of the filing to counsel of record. This filing is available for viewing and downloading via the CM/ECF system.


s/ John G. Papianou

## <u>CERTIFICATE OF WORD COUNT</u>

I certify that, in accordance with L. Civ. R. 7.8, the attached brief contains 4,264

words and complies with the word-count limitation set forth in L. Civ. R. 7.8(b)(2).


<u>s/ John G. Papianou</u>