# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN DICKERSON, ROBERT HESTER, NANCY ROBERTS, KATIE EVANS MOSS and RICHARD SANCHEZ on behalf of themselves and all others similarly situated, | No.: 1:15-CV-01105 (CCC) |
| Plaintiffs, | |
| v. | |
| YORK INTERNATIONAL CORPORATION and JOHNSON CONTROLS, INC., | |
| Defendants. | |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................1

FACTUAL BACKGROUND.......................................................................2

I.    Plaintiffs' Allegations..........................................................................2

II.   Terms Of The Express Limited Warranties. ......................................5

STANDARD OF REVIEW .........................................................................6

ARGUMENT ..............................................................................................7

I.    Breach Of Express Warranties. ..........................................................7

    A.   Plaintiffs' Claims Are Time Barred. .......................................7

    B.   The Express Limited Warranties Were Not Breached......................10

    C.   Plaintiffs Provided No Timely Notice Or Opportunity To Cure. .......13

    D.   Plaintiffs Cannot Base Their Claims On Opinions............................14

    E.   Moss Does Not Have Standing Under the MMWA. ..........................16

II.   Breach Of Implied Warranties.........................................................17

    A.   The Implied Warranty Claims Are Time Barred. ...............................17

    B.   State-Based Implied Warranties Were Properly Disclaimed..............20

    C.   The Product Performed As It Should During Its Useful Life............21

    D.   Plaintiffs' Lack Of Privity Is Fatal....................................................22

III.  Sanchez Does Not Alleged A Violation Of Arizona Consumer Fraud Act, Ariz. Rev. Stat. § 44-1521, *et seq*................................................................23

IV.  Equitable Claims..............................................................................24

CONCLUSION ..........................................................................................27

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
  795 F.2d 238 (2d Cir. 1986) ..............................................................................12

*Adelman v. Rheem Mfg. Co.*,
  No. 2:15-CV-00190 JWS, 2015 WL 4874412
  (D. Ariz. Aug. 14, 2015) ....................................................................................24

*Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*,
  4 F. Supp. 3d 1123 (D. Ariz. 2014) ...................................................................23

*AIG Aviation Ins. v. Avco Corp.*,
  709 F. Supp. 2d 1124 (D.N.M. 2010)................................................................18

*Anderson Living Tr. v. ConocoPhillips Co.*,
  952 F. Supp. 2d 979 (D.N.M. 2013) ..................................................................26

*Arndt v. Johnson & Johnson*,
  67 F. Supp. 3d 673 (E.D. Pa. 2014) .....................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................6

*Badilla v. Wal-Mart Stores E., Inc.*,
  No. 34,085, 2015 WL 5269726 (N.M. Sept. 10, 2015)........................................8

*Baptist Mem'l Hosp. v. Argo Constr. Corp.*,
  308 S.W.3d 337 (Tenn. Ct. App. 2009).............................................................12

*Bearden v. Honeywell Int'l Inc.*,
  720 F. Supp. 2d 932 (M.D. Tenn. 2010) ...........................................................22

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................6

*Brooks v. Valley Nat'l Bank*,
  548 P.2d 1166 (Ariz. 1976) ...............................................................................26

*Burge v. Freelife Int'l, Inc.*,
No. CV 09-1159-PHX-JAT, 2009 WL 3872343
(D. Ariz. Nov. 18, 2009) ......................................................................13

*Burks v. Abbott Labs.*,
639 F. Supp. 2d 1006 (D. Minn. 2009) ............................................16

*Chaurasia v. Gen. Motors Corp.*,
126 P.3d 165 (Ariz. Ct. App. 2006) ...........................................12, 22

*Cipollone v. Liggett Grp., Inc.*,
505 U.S. 504 (1992) ...........................................................................10

*Coffey v. Dowley Mfg., Inc.*,
187 F. Supp. 2d 958 (M.D. Tenn. 2002) ..........................................16

*Conerly Corp. v. Regions Bank*,
Civil Action No. 08-813, 2008 WL 4975080
(E.D. La. Nov. 20, 2008) ...................................................................26

*Corley v. Stryker Corp.*,
Civil Action No. 6:13-CV-02571, 2014 WL 3375596
(W.D. La. May 27, 2014) ...................................................................15

*Corley v. Stryker Orthopaedics*,
Civil Action No. 13-2571, 2014 WL 3125990
(W.D. La. July 3, 2014) .....................................................................15

*Daugherty v. Sony Elecs., Inc.*,
No. E2004-02627-COA-R3-CV, 2006 WL 197090
(Tenn. Ct. App. Jan. 26, 2006) .........................................................12

*Deaton, Inc. v. Aeroglide Corp.*,
657 P.2d 109 (N.M. 1982) ......................................................13, 16, 20

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
66 F.3d 604 (3d Cir. 1995) ................................................................12

*Feuerstein v. Home Depot, U.S.A., Inc.*,
No. 2:12-CV-01062 JWS, 2014 WL 2557122
(D. Ariz. June 6, 2014) ......................................................................15

*Forth v. Gen. Motors Corp.*,
  CIV. A. No. 89-3842, 1989 WL 83600 (E.D. Pa. July 24, 1989) ...................... 18

*Fowler v. Goodman Mfg. Co.*,
  No. 2:14-CV-968-RDP, 2014 WL 7048581
  (N.D. Ala. Dec. 12, 2014)............................................................................ 1, 12

*Frankentek Residential Sys., L.L.C. v. Buerger*,
  15 F. Supp. 3d 574, 580-81 (E.D. Pa. 2014) ........................................................ 9

*Giaccobe v. Celotex Corp.*,
  629 F. Supp. 827 (E.D. Pa. 1985)......................................................................... 7

*Goleman v. York Int'l Corp.*,
  Civil Action No. 11-1328, 2011 WL 3330423
  (E.D. Pa. Aug. 3, 2011) .....................................................................................25

*Gowan Co. v. Aceto Agric. Chems.*,
  No. CV-09-1124-PHX-JAT, 2009 WL 2028387
  (D. Ariz. July 10, 2009) .....................................................................................26

*Johnson v. Volvo Truck Corp.*,
  No. 2:07-CV-277, 2008 WL 4982450 (E.D. Tenn. Nov. 19, 2008) .................20

*Jones v. Barnwell Indus., Inc.*,
  No. 01-A-01-9411-CV-00516, 1995 WL 138877
  (Tenn. Ct. App. Mar. 31, 1995).........................................................................26

*Katterheinrich v. Cordova*,
  No. 32,855, 2013 WL 6146500 (N.M. Ct. App. Oct. 2, 2013) ..........................15

*Leach v. Wiles*,
  429 S.W.2d 823 (Tenn. Ct. App. 1968)............................................................22

*Lieb v. Milne*,
  625 P.2d 1233 (N.M. Ct. App. 1980) ................................................................22

*Long v. Monaco Coach Corp.*,
  Civil Action No. 3:04-CV-203, 2006 WL 2564040
  (E.D. Tenn. Aug. 31, 2006) .........................................................................13, 22

*Loomis v. U.S. Bank Home Mortg.*,
  912 F. Supp. 2d 848 (D. Ariz. 2012) ...........................................................23, 24

*Massey Seating Co. v. 200 Easley Bridge Rd. Corp.*,
  No. 85-86-II, 1985 WL 75662 (Tenn. Ct. App. Sept. 25, 1985).......................21

*McCroskey v. Bryant Air Conditioning Co.*,
  524 S.W.2d 487 (Tenn. 1975) .................................................................8

*McDermott, Inc. v. M-Elec. & Constr. Co.*,
  496 So.2d 1105 (La. Ct. App. 1986) ......................................................12

*McDonald v. Journey*,
  464 P.2d 560 (N.M. Ct. App. 1970) .......................................................25

*McGinley v. McGinley*,
  252 Fed. Appx. 426 (3d Cir. 2007).........................................................9

*Mid-S. Milling Co. v. Loret Farms, Inc.*,
  521 S.W.2d 586 (Tenn. 1975) .................................................................8

*Min-A-Con Equip. Co. v. T.M.K. Constr. Co.*,
  424 P.2d 152 (Ariz. 1967) ....................................................................16

*Moulton v. Ford Motor Co.*,
  13 UCC Rep.Serv. 55, 1973 WL 21361 (Tenn. Ct. App. 1973) .......................12

*N.J. Transit Corp. v. Harsco Corp.*,
  497 F.3d 323 (3d Cir. 2007) .................................................................12

*Nationwide Ins. Co. v. Gen. Motors Corp./Chevrolet Motor Div.*,
  625 A.2d 1172 (Pa. 1993)..............................................................8, 18

*Paddison Builders, Inc. v. Turncliff*,
  672 So. 2d 1133 (La. Ct. App. 1996) .....................................................25

*PB Prop. Mgmt. v. Goodman Mfg.*,
  Case No. 3:12-cv-1366-J-20JBT, Dkt. No. 30
  (M.D. Fla. Aug. 28, 2013) ....................................................................1

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
  998 F.2d 1192 (3d Cir. 1993) .................................................................2

*Perryman v. Peterbilt of Knoxville, Inc.*,
  708 S.W.2d 403 (Tenn. Ct. App. 1985)....................................................16

*Plagens v. Nat'l RV Holdings*,
328 F. Supp. 2d 1068 (D. Ariz. 2004.) .............................................................22

*Porcell v. Lincoln Wood Prods., Inc.*,
713 F. Supp. 2d 1305 (D.N.M. 2010)................................................................16

*Powell v. GAF Corp.*,
638 F. Supp. 25 (M.D. Pa. 1986)................................................................7, 18

*Ramirez v. Medtronic Inc.*,
961 F. Supp. 2d 977 (D. Ariz. 2013) ................................................................16

*Reiniger v. W.L. Gore & Assocs., Inc.*,
No. CV-09-8185-PCT-PGR, 2010 WL 1948588
(D. Ariz. May 12, 2010) ....................................................................................8

*Rooney v. Sierra Pac. Windows*,
566 Fed. Appx. 573 (9th Cir. 2014) ................................................................10

*Santiago v. Warminster Twp.*,
629 F.3d 121 (3d Cir. 2010) ........................................................................6, 23

*Selby v. Goodman Mfg. Co.*,
No. 2:13-CV-2162-RDP, 2014 WL 2740317
(N.D. Ala. June 17, 2014)...................................................................................1

*In re Shop-Vac Mktg. & Sales Practices Litig.*,
964 F. Supp. 2d 355 (M.D. Pa. 2013)................................................................23

*Sitevoice, LLC v. Gyrus Logic, Inc.*,
No. 2:14-CV-0883-HRH, 2014 WL 4722329
(D. Ariz. Sept. 23, 2014) ..................................................................................12

*Snyder v. First Tenn. Bank, N.A.*,
450 S.W.3d 515 (Tenn. Ct. App. 2014)............................................................25

*Stephens v. Clash*,
Civil Action No. 1:13-CV-712, 2014 WL 2808599
(M.D. Pa. June 19, 2014)....................................................................................7

*Stockport Mountain Corp. v. Norcross Wildlife Found., Inc.*,
No. 3:11CV514, 2013 WL 4538822 (M.D. Pa. Aug. 27, 2013) .......................25

*Strayhorn v. Wyeth Pharm., Inc.*,
   737 F.3d 378 (6th Cir. 2013) ............................................................................ 11

*Sumer v. Carrier Corp.*,
   Case No. 14-cv-04271-VC, 2015 WL 3630972
   (N.D. Cal. June 10, 2015) ................................................................................ 1

*Sw. La. Hosp. Ass'n v. BASF Constr. Chems., L.L.C.*,
   947 F. Supp. 2d 661 (W.D. La. 2013) ............................................................ 12

*Szubski v. Mercedes-Benz, U.S.A., L.L.C.*,
   796 N.E.2d 81 (Ohio Ct. Common Pleas 2003) ............................................ 17

*Tavilla v. Cephalon, Inc.*,
   870 F. Supp. 2d 759 (D. Ariz. 2012) .............................................................. 24

*Thoracic Cardiovascular Assocs., Ltd. v. St. Paul Fire & Marine Ins.
Co.*, 891 P.2d 916 (Ariz. Ct. App. 1994) ............................................................ 25

*Tokio Marine v. ABB, Inc.*,
   Civil Action No. 09-822-JJB, 2010 WL 1881890
   (M.D. La. May 7, 2010) ..................................................................... 16, 20, 21

*Walton v. Rose Mobile Homes LLC*,
   298 F.3d 470 (5th Cir. 2002) .......................................................................... 13

*Ward Adventures, LLC v. Buddy Gregg Motor Homes, Inc.*,
   Civil Action No. 3:05-CV-236, 2007 WL 869619
   (E.D. Tenn. March 20, 2007) ..................................................................... 9, 17

*Waste Mgmt. of La., L.L.C. v. Consol. Garbage Dist. No. 1 of the
Parish of Jefferson*,
   113 So. 3d 243 (La. Ct. App. 2013) ............................................................... 26

*Wike v. Vertrue, Inc.*,
   No. 3:06-0204, 2008 WL 2704429 (M.D. Tenn. July 3, 2008) ...................... 26

*Winningham v. Timber Prods. Corp. of Oneida*,
   1990 WL 14567 (Tenn. Ct. App. Feb. 21, 1990) ............................................ 15

*Woolums v. Nat'l RV*,
   530 F. Supp. 2d 691 (E.D. Pa. 2008) ............................................................. 14

*Young v. Carrier Corp.*,
   No. 4:14CV0974, 2014 WL 6617650 (N.D. Ohio Nov. 21, 2014) ...................... 1

**Statutes**

15 U.S.C. § 2308(b) ........................................................................................... 19

15 U.S.C. § 2310(e) ........................................................................................... 13

Ariz. Rev. Stat. Ann. § 44-1521 ....................................................................... 23

Ariz. Rev. Stat. Ann. § 47-2313(B) .................................................................. 14

Ariz. Rev. Stat. Ann. § 47-2316 ....................................................................... 16

Ariz. Rev. Stat. Ann. § 47-2607(C)(1) .............................................................. 13

Ariz. Rev. Stat. Ann. § 47-2725(a) ..................................................................... 8

Ariz. Rev. Stat. Ann. § 47-2725(b) ..................................................................... 8

La. Civ. Code Ann. art. 2522, cmt. (b) .............................................................. 13

La. Civ. Code Ann. art. 2534(B) .......................................................................... 9

La. Stat. Ann. § 9:2800.53(6) ............................................................................ 14

N.M. Stat. Ann. § 55-2-313(2) ........................................................................... 14

N.M. Stat. Ann. § 55-2-314 ............................................................................... 17

N.M. Stat. Ann. § 55-2-607(3)(a) ...................................................................... 13

N.M. Stat. Ann. § 55-2-719 ............................................................................... 12

N.M. Stat. Ann. § 55-2-725(1) ....................................................................... 8, 18

N.M. Stat. Ann. § 55-2-725(2) ....................................................................... 8, 18

13 Pa. Cons. Stat. § 2725(a) ........................................................................ 8, 9, 18

13 Pa. Cons. Stat. § 2725(b) ........................................................................ 8, 9, 18

42 Pa. Cons. Stat. § 5521(b) ........................................................................... 7, 9

42 Pa. Cons. Stat. § 5521(c)...................................................................................9

Tenn. Code Ann. § 47-2-313(2)...........................................................................14

Tenn. Code Ann. § 47-2-314 ...............................................................................17

Tenn. Code Ann. § 47-2-607(3)(a).......................................................................13

Tenn. Code Ann. § 47-2-719 ...............................................................................12

Tenn. Code Ann. § 47-2-725(1).......................................................................8, 17

Tenn. Code Ann. § 47-2-725(2).......................................................................8, 17

**Rules**

Fed. R. Civ. P. 8(a) .......................................................................................23, 24

Fed. R. Civ. P. 9(b) .......................................................................................23, 24

Fed. R. Civ. P. 12(b)(6) .............................................................................1, 6, 27

**Regulations**

16 C.F.R. § 701.1(b) ...........................................................................................16

16 C.F.R. § 701.1(c)(2)........................................................................................19

16 C.F.R. § 701.1(h) ...........................................................................................16

# INTRODUCTION

Plaintiffs bring this putative class action against York International and Johnson Controls, Inc. (collectively, "JCI"), alleging failures of the industry-standard copper evaporator/condenser coils in Plaintiffs' residential air conditioning systems. Those coils were the subject of a five-year express Limited Warranty[1] and, according to Plaintiffs' own allegations, performed as warranted and without complaint for the entire five years and more.

Plaintiffs' counsel and other attorneys have filed a series of similar cases, making nearly identical allegations against every significant manufacturer in the industry. Many of the prior cases have already been dismissed, for, among other reasons, failing to bring the claims within the applicable statutes of limitations and because the units performed exactly as warranted.[2] Plaintiffs' First Amended Complaint ("FAC"), like their initial pleading, suffers the same flaws and more, and should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] All Plaintiffs, with the exception of Moss, had five-year express Limited Warranties on their coils.

[2] *See Sumer v. Carrier Corp.*, Case No. 14-cv-04271-VC, 2015 WL 3630972 (N.D. Cal. June 10, 2015) (dismissing second amended complaint with prejudice); *Fowler v. Goodman Mfg. Co.*, No. 2:14-CV-968-RDP, 2014 WL 7048581 (N.D. Ala. Dec. 12, 2014); *Young v. Carrier Corp.*, No. 4:14CV0974, 2014 WL 6617650 (N.D. Ohio Nov. 21, 2014); *Selby v. Goodman Mfg. Co.*, No. 2:13-CV-2162-RDP, 2014 WL 2740317 (N.D. Ala. June 17, 2014); *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co.*, Case No. 3:12-cv-1366-J-20JBT, Dkt. No. 30 (M.D. Fla. Aug. 28, 2013) (granting in part and denying in part motion to dismiss) (slip opinion attached).

## FACTUAL BACKGROUND

I.    **Plaintiffs' Allegations.** [3]

**Dickerson.**    Plaintiff Steven Dickerson alleges that he purchased a York Split Unit system on or about November 14, 2008.  (FAC ¶ 11.)  The system was installed in his home in San Lorenzo, New Mexico.  (*Id.*)  According to the FAC, Dickerson first sought warranty coverage for repairs to the unit more than six years later, in January 2015.  (*Id.* at ¶ 15.)  Dickerson never notified JCI of any problem.  Instead, he alleges he contacted his original installer on an unspecified date and was told that "his warranty had expired."  (*Id.* at ¶¶ 14, 22.)  This was true.  The written Limited Warranty for Dickerson's unit was expressly limited to five-years and began to run on the date of purchase.  (Ex. A-1.)[4]  The warranty period, therefore, expired on November 14, 2013, nearly fourteen months before Dickerson experienced any problems.

---

[3] The facts as alleged in Plaintiffs' FAC are assumed to be true for purposes of this Motion to Dismiss only.

[4] Plaintiffs attached two warranty documents to the FAC, but do not identify the documents as applying to any particular Plaintiff.  Because Plaintiffs' claims are based on the Limited Warranties, the Court is entitled to consider the documents in addressing this motion to dismiss.  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  True and correct copies of Dickerson's, Hester's, Roberts', Moss' and Sanchez's express Limited Warranties are attached as Exs. A-1, A-2, A-3, A-4, and A-5, respectively, to the Declaration of David L. Negrey, attached hereto as Exhibit A.

**Hester.**   Plaintiff Robert Hester purchased a Luxaire 13 SEER 2-ton Split System on October 30, 2008, and installed the unit in his Lake Charles, Louisiana home.  (FAC ¶ 23.)  Hester alleges he first experienced problems with his HVAC system nearly six years later, in September 2014, and that he contacted "Luxaire" that same month, but was informed that the "unit was not covered by a warranty." (*Id*. at ¶¶ 26, 28.)  Hester's unit came with a five-year express Limited Warranty, and began to run on the date of purchase.  (Ex. A-2.)  Hester's warranty expired October 30, 2013, nearly a full year before he experienced any problems.

**Roberts.**   Plaintiff Nancy Roberts alleges she purchased two York HVAC products for installation in her Counce, Tennessee home.  (FAC ¶¶ 32-33.)  With respect to the first purchase, Roberts does not identify the make or model of the system, alleging only that the system was installed in a home built in 2001.  (*Id*. at ¶ 32.)  Roberts does not allege that she made any warranty claims or provided any notice of claims to JCI with respect to the initial system.  Instead, she alleges that she noticed the coils leaking in "early 2009," and that she purchased a new HVAC system on February 26, 2009.  (*Id*. at ¶¶ 32-33.)  The second unit was a York Packaged HVAC System.  (*Id*. at ¶ 33.)  Roberts' second unit was subject to an express five-year Limited Warranty that began to run on the date of purchase, and therefore expired on February 26, 2014.  (Ex. A-3.)  Roberts does not claim to have

experienced any problems until March 3, 2015, more than a year after the warranty expired.  (FAC ¶ 35.)

**Moss**.    Plaintiff Katie Evans Moss, a resident of Thompson Station, Tennessee, purchased a York HVAC system on January 16, 2013, and installed the unit in a rental home she co-owned in Nashville, Tennessee. (FAC ¶ 40.)  Moss did not use the unit for personal, family or household purposes.  Rather, she used it as a commercial product—in a rental home.  (*Id*.)

Moreover, Moss does not allege any failures of her evaporator or condenser coils.  Instead, she alleges problems with other components (*id.* at ¶¶ 41, 42), and vaguely alleges a "leak" in the system (*id.* at ¶ 43), without specifying whether the leak was the result of formicary corrosion, or even if the leak occurred in either coil.  Moss made warranty claims and received service for the above-referenced items, and all were repaired under the terms of the applicable express Limited Warranty.  (*Id.* at ¶¶ 41-44; Ex. A-4.)[5]

**Sanchez**.  Plaintiff Richard Sanchez alleges that the newly constructed home he purchased in Tucson, Arizona, in December 2010, came with two York HVAC systems already installed.   (FAC ¶ 47.)   Sanchez does not allege that he, as opposed to the builder, selected the systems, nor does he allege that he received,

---

[5] Moss's unit originally came with a five-year Limited Warranty.  But she qualified for an additional five-year parts warranty because she registered online within the first 90 days of installation.

read, or relied upon any literature regarding the York units before or after he purchased the home.

The written Limited Warranty for Sanchez's units was expressly limited to five years and began to run on the date of installation. Although Sanchez does not allege the date of installation or of purchase, JCI's records show that the units were installed on September 15, 2010. (Ex. A, ¶¶ 5-6, A-6.). Sanchez alleges one warranty claim on July 24, 2014, which was handled under the terms of the express Limited Warranty. (FAC ¶ 48.) Sanchez's next alleged failure was on September 17, 2015 (*id.* at ¶ 49), after the expiration of the five-year Limited Warranty.

## II. Terms Of The Express Limited Warranties.

The express Limited Warranty applicable to each Plaintiff's unit(s) provides the same relevant terms regarding warranty coverage. Specifically:

- Warrants products to be free from defects in workmanship and materials.

- Five-year term for parts; starts on date of installation or product shipment where no warranty registration card was submitted.[6]

- Offers repair or replacement at JCI's option to cure any such defects.

- Excludes: damages resulting from use of the product in a corrosive atmosphere; damages resulting from freezing of condensate; increase in fuel or electric costs.

---

[6] For purposes of this motion, JCI will use the installation date, where alleged or known, or the purchase date, if no installation date is alleged or known, as the date when warranty coverage began.

- Disclaims all other warranties: "THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE."

- Limits duration of implied warranties: "THE DURATION OF IMPLIED WARRANTIES IS HEREBY EXPRESSLY LIMITED TO THE DURATION OF THE EXPRESS WARRANTY ON THE FACE HEREOF."

(*See* Exs. A-1 to A-5.)

## STANDARD OF REVIEW

Courts in the Third Circuit apply a three-step analysis to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Santiago v. Warminster Twp*., 629 F.3d 121, 130-31 (3d Cir. 2010). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while legal conclusions may be disregarded. *Id*. (quoting *Iqbal*, 556 U.S. at 664). Finally, once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a plausible claim for relief. *Id*.; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## ARGUMENT

### I.    Breach Of Express Warranties.

#### A.    Plaintiffs' Claims Are Time Barred.

Because Plaintiffs' claims accrued outside of Pennsylvania, Pennsylvania's "borrowing statute" directs courts to apply the limitation period of either the law of the place where the claim accrued or Pennsylvania law, whichever bars the claim first. *See* 42 Pa. Cons. Stat. § 5521(b).  To determine which state's law first bars a particular "claim," Pennsylvania courts look not only to the prescribed limitations period, but to any tolling doctrines that may apply.  *See Powell v. GAF Corp.*, 638 F. Supp. 25, 27-28 (M.D. Pa. 1986) (applying New York's three-year limitations period rather than Pennsylvania's two-year limit in an asbestos exposure suit because Pennsylvania claim was subject to the discovery rule, while asbestos claims in New York accrued from date of last exposure without regard to knowledge of injury); *Giaccobe v. Celotex Corp.*, 629 F. Supp. 827, 828-30 (E.D. Pa. 1985) (same).  For example, in *Stephens v. Clash*, the district court applied the New York statute of limitations and New York's infancy tolling statute to a sexual battery claim because Pennsylvania would have permitted a longer limitations period.  Civil Action No. 1:13-CV-712, 2014 WL 2808599, at *4 (M.D. Pa. June 19, 2014).

However, under Pennsylvania, Tennessee, New Mexico and Arizona law, the limitations periods for breach of warranty claims, express and implied, is identical—four years, beginning to run on the date of delivery without reference to the plaintiff's knowledge of the breach.  *See* 13 Pa. Cons. Stat. § 2725(a), (b); *Nationwide Ins. Co. v. Gen. Motors Corp./Chevrolet Motor Div.*, 625 A.2d 1172, 1174-75 (Pa. 1993); Tenn. Code Ann. § 47-2-725(1), (2); *McCroskey v. Bryant Air Conditioning Co.,* 524 S.W.2d 487, 491-92 (Tenn. 1975); *Mid-S. Milling Co. v. Loret Farms, Inc.*, 521 S.W.2d 586, 589 (Tenn. 1975) (cause of action for breach of warranty accrues upon delivery); N.M. Stat. Ann. § 55-2-725(1), (2); *Badilla v. Wal-Mart Stores E., Inc.,* No. 34,085, 2015 WL 5269726, at *6-7 (N.M. Sept. 10, 2015);  Ariz. Rev. Stat. Ann. § 47-2725(a), (b); *Reiniger v. W.L. Gore & Assocs., Inc.*, No. CV-09-8185-PCT-PGR, 2010 WL 1948588, at *2 (D. Ariz. May 12, 2010) (breach of warranty occurs when tender of delivery is made).  Because there is no conflict of laws with respect to Plaintiffs Dickerson, Roberts, Moss, and Sanchez, this brief will apply each Plaintiff's home-state law in the analysis below.[7]

In Louisiana, however, the statute of limitations for a breach of warranty, express or implied, is one year from the date of discovery.  Under the facts alleged,

---

[7] Should the Court determine that Pennsylvania law should apply to the statute of limitations analysis for Dickerson, Roberts, Moss and Sanchez, that analysis is set out below in reference to Plaintiff Hester.

Hester discovered the defect September 15, 2014, which would mean that his statute of limitations expired on September 15, 2015.  *See* La. Civ. Code Ann. art. 2534(B).  In contrast, applying the relevant Pennsylvania statute of limitations, Hester's claims for breach of express and implied warranties expired on October 30, 2012, four years after the date of delivery.  (FAC ¶ 23); s*ee* 13 Pa. Cons. Stat. § 2725(a), (b).  Because Pennsylvania bars the claim first, Pennsylvania law applies to the Louisiana claims pursuant to 42 Pa. Cons. Stat. § 5521(b).  *See e.g*., *Frankentek Residential Sys., L.L.C. v. Buerger*, 15 F. Supp. 3d 574, 580-81 (E.D. Pa. 2014), (court applied the law of the state with the shortest limitation period); *McGinley v. McGinley*, 252 Fed. Appx. 426, 428 (3d Cir. 2007); 13 Pa. Cons. Stat. 2725(a), (b).[8]

The Magnuson Moss Warranty Act ("MMWA") also incorporates the Uniform Commercial Code's ("UCC") four-year limitation period.  *See Ward Adventures, LLC v. Buddy Gregg Motor Homes, Inc.*, Civil Action No. 3:05-CV-

---

[8] It is no defense that the Louisiana warranty claims sound in redhibition and not breach of warranty, or that the redhibition statute contains its own limitations period.  As an initial matter, the borrowing statute itself clearly states that it applies to statutory, as well as common law claims.  42 Pa. Cons. Stat. § 5521(c).  *See also Arndt v. Johnson & Johnson*, 67 F. Supp. 3d 673, 682-83 (E.D. Pa. 2014).  Furthermore, Pennsylvania courts will look to the specific allegations and determine the closest Pennsylvania analog for purposes of the borrowing statute analysis.  *See id.* (comparing Pennsylvania's Unfair Trade Practices and Consumer Protection Law statute of limitations and New York's consumer protection limitations period to determine which limitation period applied to the plaintiff's New York statutory claim).

236, 2007 WL 869619, at *6 (E.D. Tenn. March 20, 2007). *See also, e.g., Rooney v. Sierra Pac. Windows*, 566 Fed. Appx. 573, 576 (9th Cir. 2014).

The chart below summarizes the accrual, expiration, and filing dates for each affected Plaintiff, as well as the corresponding Counts that must be dismissed under the four-year statute of limitations:

| **Plaintiff** | **Counts Dismissed** | **Date Accrued** | **Date Expired** | **Date Filed** |
|---|---|---|---|---|
| Dickerson[9] | 3, 4, 8 | 11/14/08 | 11/14/12 | 6/16/15 |
| Hester[10] | 3, 4, 10 | 10/30/08 | 10/30/12 | 6/16/15 |
| Roberts[11] | 3, 4, 6 | 2/26/09 | 2/26/13 | 6/16/15 |
| Sanchez[12] | 3, 4, 13 | 9/15/10 | 9/15/14 | 9/21/15 |

Because the Complaint was filed on June 5, 2015, and the Amendment filed on September 21, 2015, Dickerson's, Roberts', Hester's, and Sanchez's Counts 3, 4, 6, 8, 10 and 13 must be dismissed with prejudice.

### B. The Express Limited Warranties Were Not Breached.

Plaintiffs' express warranty claims also fail because there are no allegations of an actual breach. "A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Cipollone v. Liggett*

---

[9] Dickerson's accrual date was "on or about November 14, 2008." (FAC ¶ 11.)

[10] Hester's accrual date was on October 30, 2008. (*Id*. at ¶ 23.)

[11] Roberts' accrual date was on February 26, 2009. (*Id*. at ¶ 33.)

[12] Sanchez's accrual date was on September 15, 2010. (Ex. A, ¶¶ 5-6, A-6.)

*Grp., Inc.,* 505 U.S. 504, 525 (1992). In order to establish a breach of express warranty, plaintiffs must prove the breach of a specifically-identified warranty term. *See, e.g., Strayhorn v. Wyeth Pharm., Inc.,* 737 F.3d 378, 395 (6th Cir. 2013) (warranty requires an affirmation of fact).

Plaintiffs concede that JCI's written warranty was, by its express terms, *limited*. (FAC ¶¶ 106, 138.) With the exception of Moss, Plaintiffs' Limited Warranties cover a five-year period and all are limited to the repair or replacement of "defective" parts. (*See* Exs. A-1 to A-5.) The FAC itself shows that each Plaintiff got exactly what was promised from their date of accrual to the expiration of the five-year term. Based on the five-year term of the express Limited Warranty, Plaintiffs were required to make warranty claims prior to November 14, 2013 (Dickerson), October 30, 2013 (Hester), February 26, 2014 (Roberts), and September 15, 2015 (Sanchez), respectively.[13]

Moss alone alleges that she made a claim within the warranty period, but does not assert that JCI failed to honor the terms of the Limited Warranty. (*See* FAC ¶¶ 40-44.) Although Moss chose to purchase a competitor's brand as a replacement before her JCI warranty had even expired (*id.* at ¶ 45), her unilateral conduct and obvious buyer's remorse are not a basis for a breach of express warranty claim.

---

[13] *See* FAC ¶¶ 11, 23, 33 and Ex. A, ¶¶ 5-6, A-6.

Because a manufacturer is neither an insurer of its products nor a guarantor that they are free of all possible defects, courts consistently hold that "repair or replacement" limitations similar to those found in JCI's warranties are enforceable. *See* Tenn. Code Ann. § 47-2-719; *Baptist Mem'l Hosp. v. Argo Constr. Corp.,* 308 S.W.3d 337, 343-45 (Tenn. Ct. App. 2009); N.M. Stat. Ann. § 55-2-719.   *See Daugherty v. Sony Elecs., Inc.,* No. E2004-02627-COA-R3-CV, 2006 WL 197090, at *4 (Tenn. Ct. App. Jan. 26, 2006); *see also Fowler*, 2014 WL 7048581, at *4; *Sitevoice, LLC v. Gyrus Logic, Inc*., No. 2:14-CV-0883-HRH, 2014 WL 4722329, at *5 (D. Ariz. Sept. 23, 2014).  As a result, a breach of express warranty is not actionable for "repairs made after the applicable time … ha[s] elapsed."  *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995) (quoting *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986)); *N.J. Transit Corp. v. Harsco Corp.,* 497 F.3d 323, 331 (3d Cir. 2007); *Moulton v. Ford Motor Co.*, 13 UCC Rep.Serv. 55, 59, 1973 WL 21361 (Tenn. Ct. App. 1973); *McDermott, Inc. v. M-Elec. & Constr. Co.*, 496 So.2d 1105, 1111-12 (La. Ct. App. 1986) *Chaurasia v. Gen. Motors Corp.*, 126 P.3d 165, 169 (Ariz. Ct. App. 2006).[14] Plaintiffs' own allegations prove that the products performed as warranted. Because JCI kept its promises, Counts 3, 4, 6, 8, 10 and 13 must be dismissed.

---

[14] In addition, because Count 10 is alleged under the Louisiana Products Liability Act, it is subsumed by the redhibition claims and must be dismissed.  *See Sw. La. Hosp. Ass'n v. BASF Constr. Chems., L.L.C.,* 947 F. Supp. 2d 661, 685-86 (W.D. La. 2013).

### C.    Plaintiffs Provided No Timely Notice Or Opportunity To Cure.

In Tennessee, New Mexico and Arizona, a buyer must give the manufacturer notice of the claimed defect and a reasonable opportunity to cure. *See* Tenn. Code Ann. § 47-2-607(3)(a); N.M. Stat. Ann. § 55-2-607(3)(a); Ariz. Rev. Stat. Ann. § 47-2607(C)(1).  Failure to give proper notice and opportunity to cure defeats the claim.  The MMWA likewise requires that the consumer must give a reasonable opportunity to cure.  *See, e.g., Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 474-75 (5th Cir. 2002) (citing to Louisiana law and 15 U.S.C. § 2310(e));[15] *Long v. Monaco Coach Corp.,* Civil Action No. 3:04-CV-203, 2006 WL 2564040, at *4 (E.D. Tenn. Aug. 31, 2006); *Deaton, Inc. v. Aeroglide Corp.*, 657 P.2d 109, 112-13 (N.M. 1982); *Burge v. Freelife Int'l, Inc.*, No. CV 09-1159-PHX-JAT, 2009 WL 3872343, at *6 (D. Ariz. Nov. 18, 2009).

Dickerson alleged that he contacted his "Johnson Controls distributor" after his warranty expired.  (FAC ¶ 22.)  Roberts never alleges that she complained or gave notice to JCI, and instead merely alleges that she "contacted the distributor between the first diagnostic call and the second" but fails to explain the purpose of the call other than to state she was told the terms of the written warranty.  (*Id.* at ¶ 37.)  Moss, who is still under warranty, alleges that she contacted York and

---

[15] Louisiana law requires notice and opportunity to cure to proceed against sellers and certain other defendants that are not manufacturers and requires that notice and opportunity to cure be pled and proven against manufacturers in order to recover certain damages.  *See* La. Civ. Code Ann. art. 2522, cmt. (b).

demanded a replacement after her unit was repaired (*id*. at ¶ 44), despite JCI's option to "repair or replace" a product under its warranty, and the fact that it had just repaired Moss' unit. Sanchez only alleges that he contacted JCI through others after the warranty had expired. (*Id*. at ¶ 50.) Because Plaintiffs Dickerson, Roberts and Sanchez never gave timely notice to JCI during the warranty period, let alone an opportunity to cure, and because Moss did not give notice of a breach when she contacted JCI, Counts 3, 4, 6, 8 and 13 must be dismissed. *See Woolums v. Nat'l RV,* 530 F. Supp. 2d 691, 699-700 (E.D. Pa. 2008) (dismissing breach of warranty claims not presented during warranty term).

### D.    Plaintiffs Cannot Base Their Claims On Opinions.

Plaintiffs cannot avoid the statute of limitations or the terms of the warranty by claiming that they relied upon product literature that included generalized opinion statements about "longevity" or "quality," such as "we strive to bring you the highest quality service from our products and our people." (FAC ¶¶ 24-25, 75-77.) These types of statements simply do not create actionable warranties for at least three reasons.

First, the statements are quintessential examples of opinion which cannot create an express warranty. *See* Tenn. Code Ann. § 47-2-313(2); N.M. Stat. Ann. § 55-2-313(2); La. Stat. Ann. § 9:2800.53(6); Ariz. Rev. Stat. Ann. § 47-2313(B). Courts elsewhere have held that analogous—and in some cases identical—

representations to those at issue here constitute opinions and are not actionable. *See, e.g., Corley v. Stryker Corp*., Civil Action No. 6:13-CV-02571, 2014 WL 3375596, at *5 (W.D. La. May 27, 2014) report and recommendation adopted *sub nom., Corley v. Stryker Orthopaedics*, Civil Action No. 13-2571, 2014 WL 3125990, at *3 (W.D. La. July 3, 2014) ("Stating that a product is safe or effective for its intended use is nothing more than a general opinion … and therefore does not satisfy the statutory definition of an express warranty."); *Katterheinrich v. Cordova*, No. 32,855, 2013 WL 6146500, at *2 (N.M. Ct. App. Oct. 2, 2013), *cert. denied*, 321 P.3d 126 (N.M. 2013) (statement that the vehicle was in "good working order" did not constitute an express warranty); *Winningham v. Timber Prods. Corp. of Oneida*, 1990 WL 14567, at *3-4 (Tenn. Ct. App. Feb. 21, 1990) (statement that product "was in 'A-1 condition' … do[es] not rise to the status of an express warranty"); *Feuerstein v. Home Depot, U.S.A., Inc.*, No. 2:12-CV-01062 JWS, 2014 WL 2557122, at *7 (D. Ariz. June 6, 2014) (statement that product was a "good ladder" insufficient to form express warranty).

Second, even if the statements referenced in the FAC could constitute an express warranty, the express Limited Warranty explicitly disclaims such statements: "THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE."

(Exs. A-1 to A-5.)  Tennessee, Louisiana, New Mexico, and Arizona specifically allow such disclaimers.  *See Tokio Marine v. ABB, Inc*., Civil Action No. 09-822-JJB, 2010 WL 1881890, at *2-3 (M.D. La. May 7, 2010); *Perryman v. Peterbilt of Knoxville, Inc.,* 708 S.W.2d 403, 405 (Tenn. Ct. App. 1985); *Deaton, Inc.*, 657 P.2d at 112; *Min-A-Con Equip. Co. v. T.M.K. Constr. Co*., 424 P.2d 152, 152-53 (Ariz. 1967); Ariz. Rev. Stat. Ann. § 47-2316.

Third, Plaintiffs do not allege specific reliance on the statements or that the statements affected their decision making process.  *Ramirez v. Medtronic Inc*., 961 F. Supp. 2d 977, 1001 (D. Ariz. 2013); *Porcell v. Lincoln Wood Prods., Inc*., 713 F. Supp. 2d 1305, 1319 (D.N.M. 2010); *Burks v. Abbott Labs*., 639 F. Supp. 2d 1006, 1018 (D. Minn. 2009) (applying Louisiana law); *Coffey v. Dowley Mfg., Inc*., 187 F. Supp. 2d 958, 973 (M.D. Tenn. 2002), *aff'd*, 89 Fed. Appx. 927, 932 (6th Cir. 2003).  Counts 3, 4, 6, 8, 10 and 13 must therefore be dismissed.

### E.    Moss Does Not Have Standing Under the MMWA.

The MMWA only applies to "consumers," defined as "a buyer (*other than for purposes of resale or use in the ordinary course of the buyer's business*)…."  16 C.F.R. § 701.1(h) (emphasis added).  Similarly, a "consumer product" is defined as "any tangible personal property which is distributed in commerce and which is normally used *for personal, family, or household purposes* …."  16 C.F.R. § 701.1(b) (emphasis added).

Because Moss purchased the unit for commercial use—in an income producing rental property—she is not a consumer and the system was not a consumer product.  (FAC ¶ 40.)  As a result, Moss does not have standing to assert a claim under the MMWA.  Indeed, when courts have faced similar factual scenarios, they have determined that only the lessee who makes use of the product (here, Moss's tenant) is the "consumer" under the MMWA.  *See e.g.*, *Szubski v. Mercedes-Benz, U.S.A., L.L.C.*, 796 N.E.2d 81, 88 (Ohio Ct. Common Pleas 2003) (lessor, not lessee, has standing to assert claims under MMWA).  Because Moss lacks standing to sue, her claims for breach of express and implied warranties under Count 4 must be dismissed.

## II.    Breach Of Implied Warranties.

### A.    The Implied Warranty Claims Are Time Barred.

Count 7 alleges breach of implied warranty of merchantability pursuant to Tenn. Code Ann. § 47-2-314.  Under Tennessee law, the applicable statute of limitations is four years, and the cause of action accrues on the date of delivery, regardless of whether the breach has been discovered.  Tenn. Code Ann. § 47-2-725(1), (2); *Ward Adventures*, 2007 WL 869619, at *3.

Count 9 alleges breach of implied warranty of merchantability pursuant to N.M. Stat. Ann. § 55-2-314.  New Mexico also applies a four-year statute of limitations that begins to run on date of delivery, regardless of knowledge of the

alleged breach. N.M. Stat. Ann. § 55-2-725(1), (2); *AIG Aviation Ins. v. Avco Corp*., 709 F. Supp. 2d 1124, 1131-32 (D.N.M. 2010).

Counts 11 and 12 allege breaches of implied warranties under Louisiana law. As discussed above, application of the Pennsylvania borrowing statute means that the Pennsylvania statute of limitations, four years from the date of delivery, applies, regardless of knowledge of the alleged breach. *See* 13 Pa. Cons. Stat. § 2725(a), (b); *Nationwide*, 625 A.2d at 1174-75; *Powell*, 638 F. Supp. at 27-28.

Count 4 alleges breaches of implied warranties under the MMWA. Because the MMWA has no statute of limitations, courts apply the same four-year rule governing implied warranties under the corresponding state law—in this case, Tennessee, New Mexico, Arizona, and Pennsylvania (in the case of Hester). *Forth v. Gen. Motors Corp*., CIV. A. No. 89-3842, 1989 WL 83600, at *2 (E.D. Pa. July 24, 1989).

The same four-year statute of limitations analysis set out above applies equally to Plaintiffs' implied warranty claims:

| Plaintiff | Counts Dismissed | Date Accrued | Date Expired | Date Filed |
|---|---|---|---|---|
| Dickerson[16] | 4, 9 | 11/14/08 | 11/14/12 | 6/16/15 |
| Hester[17] | 4, 11, 12 | 10/30/08 | 10/30/12 | 6/16/15 |
| Roberts[18] | 4, 7 | 2/26/09 | 2/26/13 | 6/16/15 |
| Sanchez[19] | 4 | 9/15/10 | 9/15/14 | 9/21/15 |

Because the Complaint was filed on June 5, 2015, and the Amendment filed on September 21, 2015, Dickerson's, Roberts', Hester's, and Sanchez's Counts 4, 7, 9, 11 and 12 must be dismissed with prejudice.

Additionally, the implied warranty claims under the MMWA by Dickerson, Hester, Roberts and Sanchez are time-barred based on the language of the express Limited Warranty, which states: "THE DURATION OF IMPLIED WARRANTIES IS HEREBY EXPRESSLY LIMITED TO THE DURATION OF THE EXPRESS WARRANTY ON THE FACE HEREOF." (Exs. A-1 to A-5). The MMWA specifically allows this type of limitation. *See* 15 U.S.C. § 2308(b); 16 C.F.R. § 701.1(c)(2). Here, the limitation is reasonable, five years, and is conspicuously displayed on the face of the express Limited Warranty. As set out above, no Plaintiff other than Moss, who lacks standing to sue, filed this lawsuit

---

[16] Dickerson's accrual date was "on or about November 14, 2008." (FAC ¶ 11.)

[17] Hester's accrual date was on October 30, 2008. (*Id*. at ¶ 23.)

[18] Roberts' accrual date was on February 26, 2009. (*Id*. at ¶ 33.)

[19] Sanchez's accrual date was on September 15, 2010. (Ex. A, ¶¶ 5-6, A-6.)

within the applicable five-year period. Count 4 must be dismissed in its entirety, with prejudice.

### B. State-Based Implied Warranties Were Properly Disclaimed.

The applicable express Limited Warranties all contain the same disclaimer: "THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE." (Exs. A-1 to A-5.) This language is clear and conspicuous. It is in all capital letters and/or bolded, stands out from the rest of the type, and appears on the face of the warranty. *Johnson v. Volvo Truck Corp.*, No. 2:07-CV-277, 2008 WL 4982450, at *2 (E.D. Tenn. Nov. 19, 2008) (express warranty properly excluded all implied warranties); *Deaton, Inc.*, 657 P.2d at 112 ("a term is conspicuous if it is so written that a reasonable person ought to have noticed it, and if it has a printed heading in capitals."). Based on the valid disclaimer of all implied warranties, Dickerson, Roberts and Moss are barred from pursing any state-law implied warranty claims, and Counts 7 and 9 must be dismissed.

Under Louisiana law, parties may contractually waive warranties if the waiver is: "(1) written in clear and unambiguous terms, (2) contained in the sale … document, and (3) brought to the attention of or explained to the buyer." *Tokio Marine*, 2010 WL 1881890, at *2-3 (implied warranties, including warranties

against redhibition, were contractually waived by operation of limited express warranty). A waiver, to be effective, need not use the word "redhibition." *Id*.

Here, the warranty that Hester is suing under clearly and unambiguously provides for a waiver of all other warranties, express or implied. (*See* Ex. A-2.) Hester received this express Limited Warranty with his sales documentation. (*See Id*.) Moreover, Hester was aware of the terms of his express Limited Warranty, a fact evident from his claims that are explicitly based on this same instrument. Like the defendant in *Tokio Marine*, JCI properly disclaimed any other warranties, including redhibitory warranties. Counts 11 and 12 must be dismissed.[20]

### C.    The Product Performed As It Should During Its Useful Life.

Dickerson, Roberts and Sanchez also cannot maintain claims for breach of implied warranty of merchantability, either under state law or the MMWA, because their products were fit for their ordinary purposes and fulfilled their useful lives. *See Massey Seating Co. v. 200 Easley Bridge Rd. Corp.,* No. 85-86-II, 1985 WL 75662, at *2-3 (Tenn. Ct. App. Sept. 25, 1985). JCI warranted a useful and defect free five-year term for each Plaintiff's product, and Plaintiffs concede that each product performed just as it should during those five years. Problems that

---

[20] Hester also fails to properly plead his redhibition based claims, Counts 11 and 12, because he fails to allege that he provided JCI with timely notice and an opportunity to cure the alleged defect prior to filing suit. *See* footnote 15, above. Hester's vague claims of contacting "Luxaire" are not alleged with sufficient specificity and are not alleged to have occurred during the operative warranty period. (FAC ¶ 28.)

arise after the expiration of the warranty term are not the basis for breach of implied warranty claims. *See e.g., Long*, 2006 WL 2564040, at *7; *Lieb v. Milne*, 625 P.2d 1233, 1237 (N.M. Ct. App. 1980) (action for breach of warranty perfected if supplier refuses to remedy defect within the warranty period); *see also*, *Chaurasia*, 126 P.3d at 169. The burden of maintaining the product shifts to the consumer after the warranty expires. Because Dickerson's, Roberts' and Sanchez's performance concerns arose after the express Limited Warranty expired, the alleged problems are merely maintenance and repair issues that Plaintiffs bear the burden of addressing. Counts 4, 7 and 9, must therefore be dismissed.

### D. Plaintiffs' Lack Of Privity Is Fatal.

Privity of contract between the parties remains an essential element of an implied warranty claim under Tennessee and Arizona law. *Leach v. Wiles*, 429 S.W.2d 823, 831 (Tenn. Ct. App. 1968); *Plagens v. Nat'l RV Holdings*, 328 F. Supp. 2d 1068, 1073 (D. Ariz. 2004.)[21] Roberts, Moss and Sanchez do not and cannot allege privity of contract with the manufacturer of their respective units. Because lack of privity is a complete bar to maintaining breach of implied warranty claims under Tennessee and Arizona law, Counts 4 and 7 must be dismissed.

---

[21] The Magnuson Moss Act applies the correlating state based laws on privity. *Bearden v. Honeywell Int'l Inc.*, 720 F. Supp. 2d 932, 937-38 (M.D. Tenn. 2010); *Plagens,* 328 F. Supp. 2d at 1073.

**III.    Sanchez Does Not Alleged A Violation Of Arizona Consumer Fraud Act, Ariz. Rev. Stat. § 44-1521, *et seq.***

Sanchez has failed to allege sufficient facts to assert a plausible claim for relief under Fed. R. Civ. P. 8(a), and falls far short of the particularity required to plead a claim for fraud under Fed. R. Civ. P. 9(b).  *Santiago*, 629 F.3d at 130-31 (stating general standard for determining the sufficiency of a complaint); *In re Shop-Vac Mktg. & Sales Practices Litig.*, 964 F. Supp. 2d 355, 360 (M.D. Pa. 2013) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally"). In fact, Sanchez, fails to allege even the most basic elements of a claim under the Arizona Consumer Fraud Act ("AFCA")—"a false promise or misrepresentation made in connection with the sale of merchandise and the Plaintiffs' resulting and proximate injury." *Loomis v. U.S. Bank Home Mortg.*, 912 F. Supp. 2d 848, 856 (D. Ariz. 2012); *see also Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 4 F. Supp. 3d 1123, 1145 (D. Ariz. 2014) ("Aerotec must point to some evidence of a false promise, affirmative representation, or intentional concealment or omission on Honeywell's part to support such a claim.").  Nowhere in the FAC does Sanchez point to any specific allegedly false or misleading statements made by JCI.

In the absence of an overt misrepresentation, Sanchez must plead and prove that JCI had a duty to Plaintiff to disclose allegedly concealed facts. *Loomis*, 912

F. Supp. 2d at 856-57; *Tavilla v. Cephalon, Inc.*, 870 F. Supp. 2d 759, 776 (D. Ariz. 2012) ("mere silence as to material facts" is not actionable under the ACFA). Sanchez does not plead facts to support that this duty exists in this case. *Loomis*, 912 F. Supp. 2d at 857 (dismissing ACFA claims based on omissions where the plaintiffs failed to allege facts establishing duty to disclose).

But even if Sanchez had alleged an affirmative misrepresentation or a duty to disclose, his ACFA claim would fail because he does not allege reliance. *Adelman v. Rheem Mfg. Co.*, No. 2:15-CV-00190 JWS, 2015 WL 4874412, at *7 (D. Ariz. Aug. 14, 2015) ("[a]ctual reliance is a necessary element of a claim under the ACFA.")  Sanchez does not allege that he, as opposed to the builder, selected the York HVAC systems that were installed in the new home prior to his purchase. Sanchez does not allege that he received, read or relied upon any literature regarding the York units before or after he purchased his new home in 2010.  In fact, he does not allege any role in purchase of the units in his home at all.  As such, Sanchez fails to allege an ACFA claim under either Fed. R. Civ. P. 8(a) or 9(b), and Count 14 must be dismissed.

## IV.    Equitable Claims.

All of Plaintiffs' equitable claims are intertwined with the merits of their substantive claims, and must be dismissed for the reasons stated above.  Namely, the equitable claims alleged in Count 1 (Declaratory Relief), Count 2 (Injunctive

Relief), and Count 5 (Unjust Enrichment), cannot stand on their own if all the substantive claims are dismissed. *Goleman v. York Int'l Corp.*, Civil Action No. 11-1328, 2011 WL 3330423, at *10 (E.D. Pa. Aug. 3, 2011) (dismissing plaintiff's claim for injunctive relief where "[n]one of Plaintiff's other claims have survived dismissal").

Regardless of the status of the substantive claims, each equitable count fails on its own. First, Plaintiffs' requested declaratory relief goes well beyond the permissible scope of a federal declaratory judgment action—they do not simply ask the Court to declare the parties' right under a contract. Rather, Plaintiffs improperly ask this Court to affirmatively re-write the contract. *Stockport Mountain Corp. v. Norcross Wildlife Found., Inc.*, No. 3:11CV514, 2013 WL 4538822, at *13 (M.D. Pa. Aug. 27, 2013) ("it is not the function of the court to alter the parties' agreement or rewrite what has been agreed to").[22]

Second, Plaintiffs' request for injunctive relief is inappropriate because there is an adequate remedy at law; namely, monetary damages. *Goleman*, 2011 WL

---

[22] *See also Snyder v. First Tenn. Bank, N.A.*, 450 S.W.3d 515, 518 (Tenn. Ct. App. 2014) ("It is not the role of the courts, even courts of equity, to rewrite contracts for dissatisfied parties."); *Paddison Builders, Inc. v. Turncliff*, 672 So. 2d 1133, 1136 (La. Ct. App. 1996) ("The terms of a clear contract must be enforced as written"); *McDonald v. Journey*, 464 P.2d 560, 561 (N.M. Ct. App. 1970) ("courts, under the guise of interpretation, may not rewrite contracts for the parties"); *Thoracic Cardiovascular Assocs., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 891 P.2d 916, 921 (Ariz. Ct. App. 1994) (refusing to rewrite contract between the parties).

3330423, at *10; *Anderson Living Tr. v. ConocoPhillips Co.*, 952 F. Supp. 2d 979, 984 (D.N.M. 2013); ("monetary harm is not irreparable"); *Waste Mgmt. of La., L.L.C. v. Consol. Garbage Dist. No. 1 of the Parish of Jefferson*, 113 So. 3d 243, 251 (La. Ct. App. 2013); *Jones v. Barnwell Indus., Inc.*, No. 01-A-01-9411-CV-00516, 1995 WL 138877, at *4 (Tenn. Ct. App. Mar. 31, 1995); *Gowan Co. v. Aceto Agric. Chems.*, No. CV-09-1124-PHX-JAT, 2009 WL 2028387, at *6 (D. Ariz. July 10, 2009).

Finally, unjust enrichment is not allowed where, as here, there is a contract—the express Limited Warranty—between the parties. *See Anderson Living Trust*, 952 F. Supp. 2d at 984 (plaintiffs may not recover in equity for conduct arising from alleged breaches of written contracts); *Wike v. Vertrue, Inc.*, No. 3:06-0204, 2008 WL 2704429, at *7 (M.D. Tenn. July 3, 2008) (unjust enrichment claim dismissed where plaintiff failed to allege exhaustion of all other remedies); *Conerly Corp. v. Regions Bank*, Civil Action No. 08-813, 2008 WL 4975080, at *9 (E.D. La. Nov. 20, 2008) (equitable claim dismissed where plaintiffs may bring a suit for breach of contract); *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 1171 (Ariz. 1976) ("[w]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application."). Based on the foregoing, all of Plaintiffs' equitable claims must be dismissed.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: October 19, 2015

Respectfully submitted,

/s/ John G. Papianou
John G. Papianou
Christopher S. D'Angelo
Montgomery McCracken
  Walker & Rhoads, LLP
123 S. Broad St.
Philadelphia, PA 19109
215-772-1500
jpapianou@mmwr.com
cdangelo@mmwr.com

David A. Rammelt
Casey L. Westover
Caroline C. Plater
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312-207-1000
drammelt@reedsmith.com
cwestover@reedsith.com
cplater@reedsmith.com

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 19, 2015, I filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) using the Court's CM/ECF system, which will send e-mail notification of the filing to counsel of record.  This filing is available for viewing and downloading via the CM/ECF system.


<u>s/ John G. Papianou</u>

## <u>CERTIFICATE OF WORD COUNT</u>

I certify that, in accordance with L. Civ. R. 7.8, the attached brief contains 6,370 words and complies with the word-count limitation set forth in L. Civ. R. 7.8(b)(2) and the Court's order dated October 14, 2015, Docket No. 38.


<u>s/ John G. Papianou</u>