## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STEVEN DICKERSON, ROBERT HESTER, NANCY ROBERTS, KATIE EVANS MOSS and RICHARD SANCHEZ on behalf of themselves and all others similarly situated, | No.: 1:15-CV-01105 (CCC) |
| Plaintiffs, | |
| v. | |
| YORK INTERNATIONAL CORPORATION and JOHNSON CONTROLS, INC., | |
| Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................2

I.     THE FUTURE PERFORMANCE EXCEPTION IS INAPPLICABLE ......2

II.    THE AMENDED COMPLAINT DOES NOT PROVIDE A BASIS
       FOR UNCONSCIONABILITY. ..................................................................5

III.   THE WARRANTY TO REPAIR OR REPLACE DID NOT FAIL
       OF ITS ESSENTIAL PURPOSE. ................................................................8

IV.    THE AMENDED COMPLAINT DOES NOT SUPPORT THAT
       SANCHEZ FILED WITHIN THE STATUTE OF LIMITATIONS. ........10

V.     NOTICE WAS NOT TIMELY OR REASONABLE. ................................11

VI.    JCI PRODUCT LITERATURE DOES NOT RISE TO THE
       LEVEL OF AN EXPRESS WARRANTY..................................................15

VII.   MOSS DOES NOT HAVE STANDING UNDER THE MMWA.............16

VIII.  SANCHEZ'S AFCA CLAIM FAILS TO PLEAD ESSENTIAL
       ELEMENTS...............................................................................................17

IX.    PLAINTIFFS' EQUITABLE CLAIMS CANNOT SURVIVE. ................18

CONCLUSION...................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
795 F.2d 238 (2d Cir. 1986) ................................................................7

*Adelman v. Rheem Mfg. Co.*,
No. 2:15-cv-00190 JWS, 2015 WL 4874412
(D. Arizona, Aug. 14, 2015) ...........................................................9, 17

*Alban v. BMW of N. Am., LLC.*,
Civ. No. 09–5398 (DRD), 2010 WL 3636253
(D.N.J. Sept. 8, 2010) ......................................................................6

*Alongi v. Bombardier Recreational Prods., Inc.*,
No. 12-13374, 2013 WL 718755
(E.D. Mich. Feb. 27, 2013).............................................................4, 5

*Aspect Sys., Inc. v. Lam Research Corp.*,
No. CV 06-1620-PHX-NVW, 2006 WL 2683642
(D. Ariz. Sept. 16, 2006) ................................................................19

*Baptist Mem'l Hosp. v. Argo Constr. Corp.*,
308 S.W.3d 337 (Tenn. Ct. App. 2009)...........................................7, 8

*Bearden v. Honeywell Int'l Inc.*,
720 F. Supp. 2d 932 (M.D. Tenn. 2010) ..........................................13

*Berenblat v. Apple, Inc.*,
Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297
(N.D. Cal. Apr. 9, 2010) ..................................................................6

*Bowlin's, Inc. v. Ramsey Oil Co.*,
662 P.2d 661 (N.M. Ct. App. 1983) ...................................................5

*Carlson v. Gen. Motors Corp.*,
883 F.2d 287 (4th Cir. 1989) ........................................................5, 6

*In re Caterpillar, Inc., C13 & C15 Engine Prods. Liab. Litig.*,
   MDL No. 2540, No. 1:14-CV-3722, 2015 WL 4591236
   (D.N.J. July 29, 2015) ............................................................................. 6

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (Cal. Ct. App. 2006) ........................................... 6

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
   66 F.3d 604 (3d Cir. 1995) ..................................................................... 7

*Fassett v. Sears Holdings Corp.*,
   No. 4:15-cv-00941, 2015 WL 5093397
   (M.D. Pa. Aug. 28, 2015) ........................................................................ 4

*Gustafson v. Goodman Mfg. Co.*,
   No. 3:13-cv-8274-HRH, 2014 WL 1669069
   (D. Ariz. Apr. 28, 2014) ................................................................. 12, 13

*John D. Arnold Family Ltd. P'ship v. Delgadillo*,
   Nos. 28,231, 28,290, 2010 WL 3971763
   (N.M. Ct. App. Jan. 5, 2010) ................................................................ 19

*Metro. Gov't of Nashville & Davidson Cty. v. Cigna Healthcare of
   Tenn., Inc.*, 195 S.W.3d 28 (Tenn. Ct. App. 2005) ............................. 19

*N. Am. Commc'ns, Inc. v. InfoPrint Sols. Co.*,
   817 F. Supp. 2d 623 (W.D. Pa. 2011) .................................................... 4

*N.Y. Pumping, Inc. v. O'Connor Truck Sales S., Inc.*,
   No. Civ. A. 02-7435, 2003 WL 21499014
   (E.D. Pa. June 20, 2003) ....................................................................... 13

*Nelson v. Rice*,
   12 P.3d 238 (Ariz. Ct. App. 2000) .......................................................... 5

*O'Shea v. Hatch*,
   640 P.2d 515 (N.M. Ct. App. 1982) ............................................... 12, 13

*Paddison Builders, Inc. v. Turncliff*,
   672 So. 2d 1133 (La. Ct. App. 1996) .................................................... 18

*Parcell v. Wright Med. Tech., Inc.*,
    No. CV 12-0368-PHX-JAT, 2012 WL 2675258
    (D. Ariz. July 6, 2012) ...........................................................................2

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993) ...........................................................10, 11

*Perryman v. Peterbilt of Knoxville, Inc.*,
    708 S.W.2d 403 (Tenn. Ct. App. 1985)...............................................16

*Poppenheimer v. Bluff City Motor Homes, Div. of Bluff City Buick
    Co.*, 658 S.W.2d 106 (Tenn. Ct. App. 1983)...............................2, 3, 4

*Reiniger v. W.L. Gore & Assocs., Inc.*,
    No. CV-09-8185-PCT-PGR, 2010 WL 1948588
    (D. Ariz. May 12, 2010) .......................................................................1

*Schmidt v. Ford Motor Co.*,
    972 F. Supp. 2d 712 (E.D. Pa. 2013)...................................................15

*Seekings v. Jimmy GMC of Tucson, Inc.*,
    638 P.2d 210 (Ariz. 1981) .............................................................5, 16

*In re Shop-Vac Mktg. & Sales Practices Litig.*,
    NDL No. 4:12-md-2380, 2014 WL 3557189
    (M.D. Pa. July 17, 2014) ....................................................................13

*Smith v. Pfizer, Inc.*,
    688 F. Supp. 2d 735 (M.D. Tenn. 2010) ............................................12

*Snyder v. First Tenn. Bank, N.A.*,
    450 S.W.3d 515 (Tenn. Ct. App. 2014)...............................................18

*Stockport Mountain Corp. v. Norcross Wildlife Found., Inc.*,
    No. 3:11CV514, 2013 WL 4538822
    (M.D. Pa. Aug. 27, 2013) ...................................................................18

*Stutler v. T. K. Constructors Inc.*,
    448 F.3d 343 (6th Cir. 2006) ................................................................7

*Taison Commc'ns, Inc., v. Ubiquiti Networks, Inc.*,
No. C-13-1803 EMC, 2014 WL 1048710
(N.D. Cal. March 14, 2014) ................................................................... 16

*Thompson Power Corp. v. Millennium Tiles*,
LLC, Civil Action No. 3:09-cv-564, 2010 WL 4867891
(M.D. Tenn. Nov. 23, 2010) .................................................................... 4

*Thoracic Cardiovascular Assocs., Ltd. v. St. Paul Fire & Marine Ins.*
*Co.*, 891 P.2d 916 (Ariz. Ct. App. 1994) .............................................. 18

*Tokio Marine v. ABB, Inc.*,
Civil Action No. 09-822-JJB, 2010 WL 1881890
(M.D. La. May 7, 2010) ......................................................................... 15

*Trinity Indus., Inc. v. McKinnon Bridge Co.*,
77 S.W.3d 159 (Tenn. Ct. App. 2001) ..................................................... 5

*Walsh v. Ford Motor Co.*,
588 F. Supp. 1513 (D.D.C.) ..................................................................... 6

*Woolums v. Nat'l RV*,
530 F. Supp. 2d 691 (M.D. Pa. 2008) ...................................................... 9

*Yee v. Nat'l Gypsum Co.*,
No. CV-09-8189-PHX-DGC, 2010 WL 2572976
(D. Ariz. June 22, 2010) ........................................................................ 19

## Other Authorities

16 C.F.R. § 701.1(h) ................................................................................... 17

Fed. R. Civ. P. 12(b)(6) ............................................................................. 20

Fed. R. Civ. P. 12(d) ................................................................................. 11

## INTRODUCTION

After conceding that the four-year statute of limitations applies and bars nearly all of the express warranty claims in the First Amended Complaint ("FAC"), Plaintiffs grasp at straws to avoid its preclusive effect. But to do so, Plaintiffs' Response in Opposition to the Motion to Dismiss ("Response") makes several key concessions, and ultimately fails to save the FAC from dismissal on all counts.

First, after conceding the preclusive effect of the statute of limitations, Plaintiffs stretch to apply exceptions for future performance, failure of essential purpose, and unconscionability. These exceptions are without basis in law or fact, and can neither save Plaintiffs' time-barred claims, nor manufacture a breach of the express terms of the Limited Warranty. Moreover, the exceptions come with a consequence: Plaintiffs cannot maintain any implied warranty claims while arguing that these exceptions apply.[1] As a result, the Response abandons all implied warranty claims asserted in the FAC, and concedes that Counts 7, 9, 11 and 12 must be dismissed.[2]

Second, in taking this position in the Response, Plaintiffs have wed themselves to the allegations of the FAC, which prove fatal to all of the exceptions

---

[1] *See e.g.*, *Reiniger v. W.L. Gore & Assocs., Inc.*, No. CV-09-8185-PCT-PGR, 2010 WL 1948588, at *2 (D. Ariz. May 12, 2010) ("[n]o implied warranties can meet § 2–725(B)'s 'explicitly' requirement 'since, by their very nature, they never explicitly extend to future performance . . .'").

[2] *See* Resp., at 2 n.3.

argued and remaining claims. The FAC not only does not allege facts necessary to establish any exception to the statute of limitations, it affirmatively pleads facts that undermine Plaintiffs' positions in the Response. For these, and the additional reasons set out below and in JCI's opening memorandum, all of Plaintiffs' claims should be dismissed with prejudice.

## ARGUMENT

## I.    THE FUTURE PERFORMANCE EXCEPTION IS INAPPLICABLE.

As Plaintiffs admit in their Response, all of the relevant jurisdictions employ the same analysis for determining whether the future performance exception applies:  the warranty must "explicitly" extend to future performance.   "[C]ourts construe the term 'explicit' to mean that the warranty of future performance must be unambiguous, clearly stated, or distinctly set forth." *Parcell v. Wright Med. Tech., Inc*., No. CV 12-0368-PHX-JAT, 2012 WL 2675258, at *4 (D. Ariz. July 6, 2012); *see also Poppenheimer v. Bluff City Motor Homes, Div. of Bluff City Buick Co*., 658 S.W.2d 106, 111 (Tenn. Ct. App. 1983) ("[T]he warranty is clear that it covers only defects in workmanship and materials … Thus, this was a warranty that would be breached on tender of delivery, although a remedy is allowed for a limited time after delivery.")

The JCI written warranty provides, in relevant part:

Limited Warranty

UPG warrants this product to be free from defects in factory workmanship and material under normal use and service and will, at its option, repair or replace any parts that prove to have such defects according to the terms outlined in this warranty.

(FAC, ¶ 106, Ex. 1; MTD, Exs. A-1-A-5.)[3]

Importantly, nothing in this language extends, explicitly or implicitly, to the future. It does not promise that the product is warranted to be free of defects for five years, or for any future duration of time. Indeed, in Exhibit 1 to the FAC, the durational-term of the repair and replace promise is verbally and visually separated from the repair and replace promise, in a blocked-off term chart that appears in a different part of the warranty. *See id.* This separation is consistent throughout every applicable warranty in this case. (MTD, Exs. A-1-A-5.)

But even absent such separation, courts routinely hold that repair and replace warranties do not qualify as warranties extending to future performance of the goods, but rather are remedies. For example, in *Poppenheimer,* the court affirmed dismissal of the plaintiff's time-barred warranty claims, reasoning:

Clearly, all GMC warranted was that it would repair defective or malfunctioning parts, and numerous cases could be cited to support the proposition that a warranty to repair is not one that explicitly extends to future performance of the goods . . . To find that this

---

[3] The warranties attached at A-3, A-4 and A-5 contain some immaterial differences, as noted by Plaintiffs in the FAC, ¶ 106 n.21.

warranty was covered by § 47–2–725(2) would require an entirely strained and unrealistic interpretation of the phrase 'future performance of the goods.'  Moreover, such a result would also require that we completely ignore the code drafter's command that the warranty be explicit.

658 S.W.2d at 111; s*ee also N. Am. Commc'ns, Inc. v. InfoPrint Sols. Co.*, 817 F. Supp. 2d 623, 632 (W.D. Pa. 2011) ("warranties to repair or replace a good are distinct from warranties for future performance, and do *not* extend the statute of limitations.") (emphasis in original). Like the majority of cases that find repair and replace warranties do not extend to future performance, the JCI written warranty simply does not guarantee the covered products to be free from defects for five years.  Rather, it guarantees that JCI will repair or replace a defective part if a JCI product fails due to a defect in workmanship or materials and will provide this remedy for five years.  As a result, the future performance exception is inapplicable, and all of the Plaintiffs' express warranty claims, Counts 3, 4, 6, 8, 10 and 13, must be dismissed. [4]

---

[4]  Unlike the cases cited by Plaintiffs, every fact necessary to establish the inapplicability of the future performance exception is alleged in the FAC—namely the terms of the JCI written warranty, Exhibit 1 to the FAC.  In *Fassett v. Sears Holdings Corp.*, No. 4:15-cv-00941, 2015 WL 5093397, *4 (M.D. Pa. Aug. 28, 2015), the wording of the written warranty was not alleged in the complaint.  In *Thompson Power Corp. v. Millennium Tiles, LLC*, Civil Action No. 3:09-cv-564, 2010 WL 4867891, *5-6 (M.D. Tenn. Nov. 23, 2010), there was no evidence that the plaintiff ever received a copy of the alleged written warranty.  *Alongi v. Bombardier Recreational Prods., Inc.*, No. 12-13374, 2013 WL 718755 (E.D. Mich. Feb. 27, 2013), is not controlling precedent, coming from the Eastern District of Michigan.  Moreover, the case involved personal injury allegations

## II.   THE AMENDED COMPLAINT DOES NOT PROVIDE A BASIS FOR UNCONSCIONABILITY.

The FAC fails to establish the elements of unconsionability.

The basic test (for unconscionability) is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. * * * The principle is one of the prevention of oppression and unfair surprise * * * and not of disturbance of allocation of risks because of superior bargaining power.

*Seekings v. Jimmy GMC of Tucson, Inc.*, 638 P.2d 210, 216 (Ariz. 1981). "Courts should not assume an overly paternalistic attitude toward the parties to a contract by relieving one or another of them of the consequences of what is at worst a bad bargain" *Nelson v. Rice*, 12 P.3d 238, 243 (Ariz. Ct. App. 2000); *see also Bowlin's, Inc. v. Ramsey Oil Co.*, 662 P.2d 661, 668 (N.M. Ct. App. 1983) (addressing test for unconscionability); *Trinity Indus., Inc. v. McKinnon Bridge Co.*, 77 S.W.3d 159, 171 (Tenn. Ct. App. 2001) (same).[5]

Plaintiffs have alleged no facts that could meet this high standard, and make no attempt in their Response to argue to the contrary.  Instead, Plaintiffs rely on *Carlson v. Gen. Motors Corp.*, 883 F.2d 287 (4th Cir. 1989), to argue that the durational warranty limitation was unconscionable because JCI had knowledge of

---

against the dealer.  *Id.* at *5-7.  The manufacturer—analogous to JCI here—was actually granted summary judgment.  *Id.*

[5]  Plaintiffs provide no legal support under Louisiana law and, thus, have waived that argument as it pertains to Hester.

the allegedly latent defect.  (Resp., at 11.)  *Carlson* is not controlling precedent,

coming from the Fourth Circuit, and has been highly criticized on the issue of

unconscionability.[6]  Further, JCI has not uncovered any evidence that *Carlson* has

been followed in any jurisdiction relevant to this case.  *See In re Caterpillar, Inc.,*

*C13 & C15 Engine Prods. Liab. Litig.*, MDL No. 2540, No. 1:14-CV-3722 (JBS-

JS), 2015 WL 4591236, at *21 (D.N.J. July 29, 2015) ("This latter line of cases,

rejecting conclusory allegations of unconscionability based on knowledge of a

latent defect, represents the recent trend in this District and is consistent with the

prevailing approach elsewhere.").  Unconscionability is a question of law and not

of fact.  *Carlson*, 883 F.2d at 292; *see also Berenblat v. Apple, Inc*., Nos. 08-4969

JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297, at *5 (N.D. Cal. Apr. 9, 2010)

(dismissing without leave to amend for failure to plead elements of

unconscionability).  Here, Plaintiffs unconscionability argument fails as a matter of

---

[6]  *See e.g*., *Alban v. BMW of N. Am., LLC*., Civ. No. 09–5398 (DRD), 2010 WL
3636253, at *6-9 (D.N.J. Sept. 8, 2010) (plaintiff's argument that limitation in
express warranty was unconscionable because the manufacturer knew of the
alleged defect "ignores the Second Circuit's holding in *Abraham*."); *Walsh v. Ford
Motor Co*., 588 F. Supp. 1513, 1536 (D.D.C. 1984) ("[T]o hold that all latent
defects are covered under the written warranty…would place an undue burden on
the manufacturer. Ford would, in effect, be obliged to insure that a vehicle it
manufactures is defect-free for its entire life. The Court cannot accept such a
drastic interpretation of the plain language of the warranty."); *Daugherty v. Am.
Honda Motor Co*., 144 Cal. App. 4th 824, 832 (Cal. Ct. App. 2006), as modified
(Nov. 8, 2006) (Honda "did not agree, and plaintiffs did not understand it to agree,
to repair latent defects that lead to a malfunction after the term of the warranty.").

law because they have failed to allege facts giving rise to a claim of unconscionability under the applicable states' laws.

Further, Plaintiffs' arguments regarding JCI's alleged knowledge of a latent defect ignores the holding in *Abraham v. Volkswagen of Am., Inc.*:

> Manufacturers always have knowledge regarding the effective life of particular parts and the likelihood of their failing within a particular period of time. Such knowledge is easily demonstrated by the fact that manufacturers must predict rates of failure of particular parts in order to price warranties and thus can always be said to 'know' that many parts will fail after the warranty period has expired. A rule that would make failure of a part actionable based on such 'knowledge' would render meaningless time/mileage limitations in warranty coverage.

795 F.2d 238, 250 (2d Cir. 1986). *Abraham* has been widely followed, including by the Third Circuit, which reasoned:

> But the general rule, from which we see no reason to deviate, is that 'an express warranty does not cover repairs made after the applicable time ... ha[s] elapsed.'… Thus, 'latent defects' discovered after the term of the warranty are not actionable.

*Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995) (internal citation omitted). These holdings are directly on point with Plaintiffs' allegations in the FAC.

Plaintiffs' other cases lend no support to their position. *Stutler v. T. K. Constructors Inc.*, 448 F.3d 343 (6th Cir. 2006), does not apply the state laws at issue in this case, addresses an arbitration clause, and never makes a substantive ruling on the issue of unconscionability. Similarly, *Baptist Mem'l Hosp. v. Argo*

*Constr. Corp.,* 308 S.W.3d 337 (Tenn. Ct. App. 2009), though involving Tennessee law, addresses failure of essential purpose, not unconscionability, and in any event ultimately declines to "rewrite the … contract because its terms later prove[d] to be burdensome." *Id.* at 345.

JCI's run-of-the-mill express Limited Warranty is in no sense unconscionable. As a result, all of Plaintiffs' express warranty claims, including Counts 3, 4, 6, 8, 10 and 13, must be dismissed.

## III.    THE WARRANTY TO REPAIR OR REPLACE DID NOT FAIL OF ITS ESSENTIAL PURPOSE.

The allegations of the FAC show that the JCI express Limited Warranty worked just as promised, and did not fail of its essential purpose. Plaintiffs admit that Dickerson, Hester and Roberts never took advantage of the warranty during its five-year term. (Resp., at 9.) Thus, any argument that the replacement coils would not cure the problem cannot be sustained. Sanchez alleges one warranty claim on July 24, 2014, which was handled under the terms of the warranty. (FAC, ¶ 48.) Sanchez's next alleged failure was on September 17, 2015 (*id.* at ¶ 49), after the expiration of the five-year warranty. Moss, in contrast to the other Plaintiffs, admits that she never allowed for the warranty process to work—instead opting to buy a different brand of HVAC system before allowing JCI to perform under its warranty. (*Id.* at ¶¶ 44-45.)

These allegations show that these Plaintiffs fall into the category of claimants that never presented or repaired their products under the JCI warranty terms. As this Court noted, in *Woolums v. Nat'l RV*, this cannot be the basis for a breach of warranty claim. 530 F. Supp. 2d 691, 700 (M.D. Pa. 2008). The Plaintiffs either had a substantially defect-free product during the term of the written warranty or did not take advantage of the warranty terms.[7] Accordingly, under the facts alleged in the FAC, there is no failure of essential purpose.

Moreover, as in *Adelman v. Rheem Mfg. Co.*, Plaintiffs here allege that JCI began using aluminum coils, instead of the allegedly defective copper coils, in 2013. (FAC, ¶ 95.) This exact allegation was made in *Adelman* and was the basis on which the *Adelman* court found there was no failure of essential purpose because it "show[ed] that the warranty's remedy can fix the defect, and that Rheem has been fixing the defect in this manner since 2013." No. 2:12-cv-00190 JWS, 2015 WL 4874412, at *2.

The terms of the JCI express Limited Warranty did not fail of their essential purpose. All of Plaintiffs' express warranty claims, including Counts 3, 4, 6, 8, 10

---

[7] A third option is that the repairs were sufficient under the warranty. *Adelman v. Rheem Mfg. Co.,* No. 2:15-cv-00190 JWS, 2015 WL 4874412, *2 (D. Arizona, Aug. 14, 2015). It is curious that Plaintiffs cite to *Adelman*, a case in which current Plaintiffs' counsel also represented plaintiffs in purported formicary corrosion HVAC class action, given that *Adelman* did not find a failure of essential purpose of the warranty based on the allegations of the complaint. *Id.*

and 13, must be dismissed as barred by the statute of limitations and because JCI
complied with the express terms of the Limited Warranties.

## IV.  THE AMENDED COMPLAINT DOES NOT SUPPORT THAT SANCHEZ FILED WITHIN THE STATUTE OF LIMITATIONS.

Plaintiffs attempt to benefit from poorly pled, or worse, knowingly false,
allegations in arguing that Sanchez's claims were timely.  This should be rejected.
Elevating form over substance, Plaintiffs' argue that Sanchez's express warranty
claim is not time-barred, because "[b]ased on the allegations in the AC" his
warranty term will expire in December 2015.  (Resp., at 6 n.6.)  Though Plaintiffs
know the date alleged in the FAC is wrong, Plaintiffs further contend that JCI
cannot introduce the actual installation date through its records.  (*Id*.)

Unlike the other named Plaintiffs whose unit purchase and/or installation
dates are pled with specificity,[8] the FAC is silent as to the date of purchase or
installation for Sanchez's unit.  (FAC, ¶ 47.)  Rather, it sets forth the date on which
Sanchez purchased his home, and adds vaguely that "HVAC systems were
installed."  (*Id*.)  It is well-settled that courts may consider a document beyond the
pleadings, "if the plaintiff's claims are based on the document." *Pension Benefit
Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993).
Here, Plaintiffs have not objected to JCI's introduction of the written warranties
that they failed to attach to their Complaint and the facts contained therein.  Rather,

---

[8]  *See* FAC, ¶¶ 11, 23, 33, 40.

Plaintiffs only object to the "new fact" introduced in the record of Sanchez's installation.  (Resp., at 6 n.6.)  This is the type of gamesmanship the law intends to deter, as noted by the Third Circuit: "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  *Pension Benefit Guar. Corp.*, 998 F.2d at 1196.  The date of installation, like the written warranty itself, is a key piece of evidence on which Sanchez must rely to prove a breach of express warranty claim.  He cannot disavow this fact now or later.[9]

Knowing the actual date of installation pushes Sanchez outside of the statute of limitations, Plaintiffs argue without any support that the Court should extend the four-year statute of limitations to five years for Sanchez's express warranty claims in Counts 3, 4, and 13.  Not one case is cited in support.  Instead, Plaintiffs claim it is simply "illogical[]."  (Resp., at 8.)  Logical or not, no case has been presented to the Court in support of this argument.

## V.    NOTICE WAS NOT TIMELY OR REASONABLE.

Plaintiffs confuse the standards for giving notice in a commercial consumer products case and a personal injury consumer products case in their attempt to

---

[9]    If the source of this undisputed fact is the deciding factor, the Court has the discretion to convert this portion of the Motion to Dismiss to a Motion for Summary Judgment under Fed. R. Civ. P. 12(d).

argue that the FAC satisfies the notice requirement.[10]  However, as discussed in the authorities cited by Plaintiffs themselves, the purpose of notice in a UCC or commercial case is far different than in a personal injury case.  *Smith v. Pfizer, Inc.*, 688 F. Supp. 2d 735, 750-51 (M.D. Tenn. 2010).  In a commercial case, the purpose of the notice requirement is to alert the seller of a troublesome transaction and give them the opportunity to cure the defect or preserve evidence that no breach occurred.  *Id*.  That is not the purpose of the notice requirement in a personal injury case and is why, in some states, personal injury plaintiffs may be allowed to give notice via the complaint.

The key analysis is "what is reasonable notice" under the facts and claims alleged.  For a breach of warranty claim, first notice of defect via the complaint is not reasonable and does not allow for the UCC process of cure to take place.  *See Gustafson v. Goodman Mfg. Co.*, No. 3:13-cv-8274-HRH, 2014 WL 1669069, at *4 (D. Ariz. Apr. 28, 2014) ("plaintiff's complaint was filed...at least two years after he discovered, or should have discovered, the breach of warranty. Thus, as a matter of law, plaintiff's complaint was not filed within a reasonable time and it cannot serve as notice to defendants."); *O'Shea v. Hatch*, 640 P.2d 515, 521 (N.M. Ct. App. 1982) (purpose of notice requirement "is to enable the seller to minimize

---

[10]  Plaintiffs omit Hester from the notice argument and, therefore, concede Hester's lack of timely notice in this case.  (*See* Resp., at 15-16.)

damages … if possible to correct the defect, and also to give the seller some immunity against stale claims"); *see also In re Shop-Vac Mktg. & Sales Practices Litig.*, NDL No. 4:12-md-2380, 2014 WL 3557189, at *8 (M.D. Pa. July 17, 2014) (warranty claims dismissed for lack of independent notice prior to filing suit). Notably, in Tennessee, Plaintiffs cannot give notice of Magnuson-Moss Warranty Act ("MMWA") class action claims through the filing of a complaint. *See Bearden v. Honeywell Int'l Inc.*, 720 F. Supp. 2d 932, 937 (M.D. Tenn. 2010) (prefiling notice of class action is required under § 2310(e)).

The Court can look to the allegations of the FAC to determine if notice is reasonable based on the operative dates alleged. *See Gustafson*, 2014 WL 1669069, at *4 (D. Ariz. Apr. 28, 2014) (dismissing for failure to give reasonable notice at 12(b)(6)); *N.Y. Pumping, Inc. v. O'Connor Truck Sales S., Inc*., No. Civ. A. 02-7435, 2003 WL 21499014, at *2 (E.D. Pa. June 20, 2003) (warranty claims dismissed because complaint's allegations established no reasonable notice of defect prior to filing suit). Even assuming notice could be given based on the filing of the complaint, the notice given by each Plaintiff was not reasonable based on the expiration of their warranties, the date of the first alleged knowledge of the defect and the date of filing.

| **Plaintiff** | **Warranty Expiration** | **Date of First Problem** | **Date Filed** |
|---|---|---|---|
| Dickerson[11] | 11/14/13 | 1/27/15 | 6/16/15 |
| Hester[12] | 10/30/13 | 9/15/14 | 6/16/15 |
| Roberts[13] | 2/26/13 | 3/3/15 | 6/16/15 |
| Sanchez[14] | 9/15/15 | 7/24/14 | 9/21/15 |

Only Moss claims to have given notice to JCI during an active warranty period and prior to filing suit. But her notice was not reasonable or effective. Moss alleges that she contacted JCI to demand a remedy outside of the terms of the warranty—a new HVAC unit—and thus, the failure to comply with this demand cannot be the basis for a breach of warranty claim. (FAC, ¶ 44.) Then, after not receiving a concession to her demand that JCI act above and beyond the warranty, she purchased a new HVAC system from another manufacturer. (*Id.*, ¶ 45.) These allegations do not support that notice was reasonable and definitely do not support that JCI was afforded an opportunity to cure.

Finally, for Plaintiffs Dickerson and Roberts, who claim to have contacted a "JCI distributor" or contacted JCI "through others," there is no allegation that any of these third parties who were allegedly contacted were agents for JCI, or

---

[11] FAC, ¶¶ 11, 15.

[12] *Id.* at ¶¶ 23, 27.

[13] *Id.* at ¶¶ 33, 35.

[14] *Id.* at ¶ 48; MTD at Ex. A-6.

otherwise had authority to accept notice after the warranty expired, let alone. (FAC, ¶¶ 22, 37.)  Contact that does not go to the warrantor or its agents or is given after the warranty is expired is not reasonable notice.  *See Schmidt v. Ford Motor Co.*, 972 F. Supp. 2d 712, 719 (E.D. Pa. 2013) ("buyers are able to thwart the purpose of § 2607(c) by relying on third-party notice and avoiding any attempt at pre-suit resolution").

## VI.    JCI PRODUCT LITERATURE DOES NOT RISE TO THE LEVEL OF AN EXPRESS WARRANTY.

Plaintiffs have cited no case law supporting their argument that the JCI product literature should be considered express warranties.   Conceding the lack of support for this argument, Plaintiffs resort to relying on general commentary on the "purpose of warranty law" to explain why the Court should consider product literature as express warranties that supplant the bargained for express Limited Warranties applicable to each Plaintiffs' product.   Nothing in these general policy statements contravenes the binding precedents cited in JCI's opening memorandum.

Moreover, Plaintiffs fail to even address the valid disclaimer of all other warranties express or implied that is prominently displayed in the relevant written warranties.   This disclaimer is fatal to Plaintiffs' attempt to convert product literature into actionable express warranties.  *See Tokio Marine v. ABB, Inc.*, Civil Action No. 09-822-JJB, 2010 WL 1881890, at *2-3 (M.D. La. May 7, 2010);

15

*Perryman v. Peterbilt of Knoxville, Inc.,* 708 S.W.2d 403, 405 (Tenn. Ct. App. 1985); *Seekings,* 638 P.2d at 216.

## VII.   MOSS DOES NOT HAVE STANDING UNDER THE MMWA.

Moss is not a "consumer" as defined by the MMWA, even if Moss somehow survived the "fine grained" analysis (alluded to but not applied by Plaintiffs) of whether the HVAC system in her rental property may be considered a consumer product under the MMWA.  As an initial matter, the facts needed to establish Moss' standing to sue under the MMWA need to be in the FAC—not in the Response.  Moss relies on facts that are not alleged in the FAC in support of her claim that the HVAC system should be considered a consumer product, such as claiming this was a "single family dwelling."  (Resp., at 20.)

More importantly, after criticizing JCI's supporting case law, Moss similarly relies on a single case, *Taison Commc'ns, Inc., v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 1048710 (N.D. Cal. March 14, 2014), that actually ruled the exact opposite of how the Plaintiffs urge this Court to rule.  *Taison* found the product at issue was not a consumer product after applying the referenced "fine grained" analysis.  *Id*. at *11 ("The Court concludes that the TOUGHCables at issue in this case are not 'consumer products' for purposes of the MMWA.")

In fact, the issue here is straightforward: Moss lacks standing because she is not a consumer under the MMWA.  Moss has no standing under the MMWA

because she bought the HVAC system for "use in the ordinary course of [her rental] business[]…." 16 C.F.R. § 701.1(h), and her tenant was the actual consumer of the product.  Moss submits no support for her arguments to the contrary.  Her claims under the MMWA must be dismissed.

## VIII.  SANCHEZ'S AFCA CLAIM FAILS TO PLEAD ESSENTIAL ELEMENTS.

Sanchez's arguments cannot save his deficient ACFA claim for a variety of reasons, foremost among them his failure to allege facts supporting the basic elements of his claim.  First, Sanchez never explains or cites to what he considered to be the "alternative means of precision" that he pled in the FAC.  Instead, he simply cites to the proposition of law in a vacuum, as an excuse for the failure to plead his claim with particularity.  Second, Sanchez never alleges the bare existence of a duty to disclose on behalf of JCI, let alone facts that would establish such a duty.  Third, Sanchez argues, admittedly without any case law support, that he can allege indirect reliance through his builder, citing only the "spirit of the ACFA."  (Resp., at 24.)  There are two problems with this theory: (1) the case law is clear—reliance is required under the AFCA, regardless of the spirit or legislative intent.  *Adelman,* 2015 WL 4874412, at *7; and (2) even if the law supported such a theory, the FAC alleges no facts to support it, as it provides no particularity about what the builder knew or was told.  Sanchez's ACFA claim must be dismissed.

## IX.    PLAINTIFFS' EQUITABLE CLAIMS CANNOT SURVIVE.

Plaintiffs cannot resurrect their equitable claims with boilerplate arguments that they are allowed to plead in the alternative and are entitled to an election of remedies.  First, with regard to their claims under the Declaratory Judgment Act, it stretches credulity for Plaintiffs to argue that the Court should not see their request to have the Court "nullify limitations in the Limited Warranty as unenforceable and award 'other declarations necessary to resolve the controversy'" as a request to rewrite the contract.  (Resp., at 26.)   In requesting this relief, Plaintiffs have admitted what they want is a rewrite of the contract—not a declaration of their rights.  This is impermissible.  *Snyder v. First Tenn. Bank, N.A.*, 450 S.W.3d 515, 518 (Tenn. Ct. App. 2014); *Stockport Mountain Corp. v. Norcross Wildlife Found., Inc.*, No. 3:11CV514, 2013 WL 4538822, at *13 (M.D. Pa. Aug. 27, 2013); *Paddison Builders, Inc. v. Turncliff*, 672 So. 2d 1133, 1136 (La. Ct. App. 1996); *Thoracic Cardiovascular Assocs., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 891 P.2d 916, 921 (Ariz. Ct. App. 1994).

Furthermore, Plaintiffs' fare no better at stating a claim for declaratory relief by arguing that certain unknown class plaintiffs need this remedy because they may have coil issues and will not have had to pay for replacement related costs. There is no allegation in the FAC and no support in the Response that suggests that any Plaintiff, known or unknown, cannot be adequately compensated with

monetary relief.  Rather, these "unknown class plaintiffs," like the named Plaintiffs, merely seek monetary relief in asking the Court use its injunctive powers to force JCI to pay the other replacement related costs.  (*See* Resp., at 27 n.17.)

Plaintiffs' unjust enrichment claim likewise fails, whether pled on its own or in the alternative.  As the court in *Yee* stated:  "unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belongs to another."  *Yee v. Nat'l Gypsum Co.*, No. CV-09-8189-PHX-DGC, 2010 WL 2572976, at *4 (D. Ariz. June 22, 2010).  The remedy for unjust enrichment is restitution.  *Id*.  Here, no Plaintiff paid any money to JCI and JCI has nothing to return to the Plaintiffs in restitution.   Anything sought beyond restitution is grounds for dismissal of the unjust enrichment claim.  *See Aspect Sys., Inc. v. Lam Research Corp*., No. CV 06-1620-PHX-NVW, 2006 WL 2683642, at *5 (D. Ariz. Sept. 16, 2006) ("Plaintiff has been unable to articulate a basis for unjust enrichment that does not hinge on Defendants' alleged breach of contract"); *John D. Arnold Family Ltd. P'ship v. Delgadillo*, Nos. 28,231, 28,290, 2010 WL 3971763, at *6 (N.M. Ct. App. Jan. 5, 2010); *Metro. Gov't of Nashville & Davidson Cty. v. Cigna Healthcare of Tenn., Inc*., 195 S.W.3d 28, 33 (Tenn. Ct. App. 2005) (no evidence of a benefit unjustly conferred).

## CONCLUSION

Based on the foregoing, the motion and memorandum in support of dismissal pursuant to Rule 12(b)(6) and the allegations of the FAC, the Court should dismiss the FAC in its entirety and with prejudice.

Dated: December 7, 2015

Respectfully submitted,


/s/ John G. Papianou
John G. Papianou
Christopher S. D'Angelo
Montgomery McCracken
  Walker & Rhoads, LLP
123 S. Broad St.
Philadelphia, PA 19109
215-772-1500
jpapianou@mmwr.com
cdangelo@mmwr.com

David A. Rammelt
Caroline C. Plater
Casey L. Westover
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312-207-1000
drammelt@reedsmith.com
cwestover@reedsith.com
cplater@reedsmith.com

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 7, 2015, I filed the foregoing REPLY IN SUPPORT OF

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED

COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) using the Court's

CM/ECF system, which will send e-mail notification of the filing to counsel of

record.   This filing is available for viewing and downloading via the CM/ECF

system.


<u>s/ John G. Papianou    </u>

## <u>CERTIFICATE OF WORD COUNT</u>

I certify that, in accordance with L. Civ. R. 7.8, the attached brief contains 4,846

words and complies with the word-count limitation set forth in L. Civ. R. 7.8(b)(2).


<u>s/ John G. Papianou</u>