# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN DICKERSON**, *et al.*, | : | CIVIL ACTION NO. 1:15-CV-1105 |
| Plaintiffs | : | (Chief Judge Conner) |
| v. | : | |
| **YORK INTERNATIONAL CORPORATION**, *et al.*, | : | |
| Defendants | : | |

## FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL

This matter came for hearing on August 16, 2017 (the "Final Approval Hearing"), upon consideration of plaintiffs' motion (Doc. 94) for final approval of class action settlement and motion (Doc. 92) for approval of attorneys' fees and expenses, to determine whether the terms of the parties' Amended Settlement Agreement (the "Settlement Agreement") are fair, reasonable, and adequate and should be finally approved, and whether final judgment should be entered.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This Final Judgment and Order Granting Final Approval of Class Action Settlement and Dismissal ("Final Approval Order") hereby incorporates by reference the definitions set forth in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction to enter this Final Approval Order. The Court has jurisdiction over the subject matter of the Action and all parties to the

Action, including all Settlement Class Members ("Class Members" or "Settlement Class").

3. For purposes of settlement only, the Court finds the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Class Counsel have fairly and adequately represented and continue to represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication and resolution of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies this Action as a class action for purposes of settlement on behalf of the Settlement Class that was preliminarily approved by the Court in its Order dated March 15, 2017 (the "Preliminary Approval Order"):

> all individuals and entities in the United States who during the time period from January 1, 2008 to March 13, 2017, purchased an uncoated York, Fraser-Johnston, Luxaire, Coleman, Evcon, Guardian, Champion, or Dayton brand copper evaporator coil or copper condenser coil manufactured and sold by JCI or any of its Affiliates, separately or as part of a split system or packaged residential air handler, condensing unit, or HVAC unit, that is covered by the original limited five year warranty or extended ten year warranty.

5. Excluded from the Settlement Class are (a) the Judge to whom this matter has been assigned and any member of the Judge's immediate family; (b) the Mediator and any member of her immediate family; and (c) the 168 Class Members (persons and/or entities) who requested exclusion from the Settlement Class as set forth in Exhibit G to the Declaration of Troy Walitsky on behalf of Angeion Group, LLC, Settlement Administrator.

6. The Court appoints Shanon Carson of Berger & Montague, P.C., Greg Coleman of Greg Coleman Law, P.C., and Jonathan Shub of Kohn, Swift & Graf, P.C., as Class Counsel for the Settlement Class. Plaintiffs Steven Dickerson, Robert Hester, Nancy Roberts, Katie Evans Moss, and Richard Sanchez are appointed as the Class Representatives for the Settlement Class.

7. In accordance with the Settlement Agreement and the Preliminary Approval Order, notice of this Settlement was provided to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the Settlement met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

8. All Settlement Class Members other than the 168 Class Members who excluded themselves as set forth in Exhibit G to the Declaration of Troy Walitsky on behalf of Angeion Group, LLC, Settlement Administrator, are bound by this Final Approval Order and enjoined under applicable law, including, without limitation,

the All Writs Act, 28 U.S.C. §1651, the Anti-Injunction Act, 28 U.S.C. and Federal Rule of Civil Procedure 65, from commencing or prosecuting any of the Released Claims in any jurisdiction, court or forum against any of the Released Parties relating to or arising out of the subject matter of the Action. The term Released Claims, however, does not include: (a) the right to enforce the Settlement; (b) Personal Injury Claims; or (c) claims that do not relate to the Copper Coils.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement Agreement and finds that it is fair, reasonable and adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the parties.

10. The twelve (12) objections to the Settlement that have been filed with the Court have been considered and overruled.

11. Accordingly, the Settlement Agreement is approved in all respects and shall be consummated pursuant to the terms of the Settlement Agreement.

12. Plaintiffs' Amended Complaint is hereby dismissed with prejudice with each party to bear their own costs, except as provided in the Settlement Agreement, as against Defendants.

13. The plan of distribution and allocation set forth in the Settlement Agreement is approved. The Settlement Administrator shall administer all claims pursuant to the terms and conditions of the Settlement Agreement. No Settlement Class Member shall have any claim against Plaintiffs, Plaintiffs' Counsel,

Defendant, Defendant's Counsel, or the Settlement Administrator, based on the distributions made substantially in accordance with the Settlement Agreement.

14. The Court reserves jurisdiction over (a) the administration, implementation, and enforcement of the Settlement; (b) the allowance, disallowance, or adjustment of any Class Member's claim; and (c) any other matters related or ancillary to the foregoing.

15. The Court grants Plaintiffs' Motion for Attorneys' Fees and Costs. Plaintiffs' Counsel, Berger & Montague, P.C., Greg Coleman Law P.C. and Kohn, Swift & Graf, P.C., are hereby awarded attorneys' fees in the amount of $1,000,000 plus reimbursement of their out-of-pocket expenses in the amount of $22,176.81.

16. The Court approves the requested service awards to the Named Plaintiffs of $2,500 each for their efforts on behalf of the Settlement Class.

17. Without further order of the Court, the parties, by written agreement, may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

19. The Clerk of Court is further directed to CLOSE this case.

**IT IS SO ORDERED, this 22nd day of August, 2017.**

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania